BEALL, guardian, *et al. v.* STOKES, executor, *et al.* ·

Courts of ordinary in this State have no jurisdiction to appoint guardians for lunatics residing in and who have been committed to the lunatic asylum of another State; and where such a lunatic has an estate within this State, the superior court, in the exercise of its equitable powers, has jurisdiction over the same, and may, at the suit of the wife of such lunatic, upon proper allegations, appoint a receiver and take possession of and administer such estate.
January 28, 1895.

Petition for injunction, etc.    Before Judge GRIGGS. Randolph county.    July 18, 1894.

HOOD & MOYE, by HARRISON & PEEPLES, for plaintiff in error.    HARDEMAN, DAVIS & TURNER, W. C. WORRILL and W. B. WILLINGHAM, *contra.*

ATKINSON, Justice.

It appears from the record in this case, that the lunatic whose estate was involved in this litigation was a resident of, and had been committed to the lunatic asylum in, the State of Alabama.    It appears further, that he had an estate situated in the county of Randolph in the State of Georgia, and that the wife and child of this lunatic, who brought this proceeding, were residents of the latter State; that a number of years ago, and while the lunatic was a resident of, and an inmate of the asylum in, the State of Alabama, the ordinary of Randolph county had appointed a guardian for that part of his estate which was situated in that county, who had taken possession of that property, and had refused, according to the allegations in the bill, to make any provision out of that estate for the maintenance of this wife and child.    The wife for herself, and as guardian for her minor child, brought a petition against the guardian, praying that a receiver be appointed by the court to take possession of the estate, and that the guardian be required to account, etc.    Upon the hearing the court

granted the relief prayed, and exception was taken to the grant of this order.

Under the view we take of this case, it is unprofitable to inquire into many of the matters and things set up in the defendant's answer. The code of Georgia, section 1852, authorizes the ordinaries of the several counties of this State to appoint guardians for idiots, lunatics and insane persons, and deaf and dumb persons when incapable of managing their estates, habitual drunkards, and persons imbecile from old age or other cause, and incapable of managing their estates. The next section provides that such guardians shall take the same oath and give a like bond with guardians of minors, and their powers, duties and liabilities shall be the same, and be exercised under the same rules and regulations.   Courts of ordinary in this State are essentially local in their nature, and can exercise no extraterritorial jurisdiction.   In order to bring the estate of a lunatic within the jurisdiction of a court of ordinary for a particular county, he must be of necessity a resident therein; otherwise, the power to appoint a guardian for such lunatic, or his estate, would vest in the court of ordinary for the county of which the lunatic was a resident.   The jurisdiction of the court being thus confined to the limits of the county within which the ordinary assumes to exercise his authority, it follows that, though there be property in a county within the State of Georgia belonging to a lunatic who resides in another State, the court of ordinary has no power to issue letters of guardianship and extend its dominion and control over the estate of such non-resident lunatic.   Such estates might be subject to control by a foreign guardian duly appointed under the provisions of our law for that purpose.   But in the absence of such, if the interests of any person resident within this State should require it, the superior court, in the exercise of its chancery ju-

risdiction, has the authority, by and through a receiver, to administer such estate and hold it to the use of such persons as might from time to time make their interests to appear. The wife and minor child of the lunatic in question were entitled out of his estate to a reasonable support, taking into consideration their station in life and the value of the estate. The highest obligation that a man can owe, whether he be a lunatic or otherwise, to society, is the obligation to maintain his wife and children. They are, in its strictest sense, preferred creditors from a moral as well as from a legal point of view; and therefore, at their suit, upon proper cause as stated in this petition, the superior court had jurisdiction to seize and administer this estate. Being citizens of Georgia, they will not be required to go into a foreign jurisdiction to sue a foreign guardian and call him to account in the courts of a foreign State; but being creditors of this estate, the courts of this State, in the exercise of their chancery powers, will hold the property and administer it for the protection of their interests as creditors.

These considerations lead us to the conclusion that the appointment of this guardian, in the first instance, was without authority of law, and in the second instance the mere fact that he was so appointed is no obstacle to the assertion by the superior court through its receiver of its dominion over this estate. The court committed no error in granting the relief prayed for by the bill.

Let the judgment of the court below be  *Affirmed.*