## HARRISON *v.* HARRISON.

1. The wife having brought her libel for divorce and permanent alimony against the husband by petition including a prayer for temporary alimony and attorney's fees, the judge was authorized, upon hearing at chambers, to grant to the wife temporary alimony and attorney's fees.
2. Affidavits submitted on the hearing should be incorporated in the bill of exceptions, to review the grant of temporary alimony and attorney's fees, or be attached as an exhibit thereto duly and properly identified, or be embodied in the approved brief of the evidence and brought up as a part of the record.

Argued January 22,—Decided June 30, 1909.

Temporary alimony. Before Judge Worley. Warren superior court. November 20, 1908.

*M. L. Felts* and *E. T. Shurley,* for plaintiff in error.

*L. D. McGregor,* contra.

BECK, J. Victoria Harrison brought a libel for divorce against her husband, Robert Harrison, on the ground of cruel treatment. She prayed for a decree of total divorce, for a writ of ne exeat, for permanent alimony, and for the allowance of temporary alimony for the support of herself pending the action. The court set down the hearing of the application for temporary alimony at chambers, and at the hearing granted an order allowing $8 per month for temporary alimony and $25 as attorney's fees. To the granting of this order the defendant excepted, "on the ground that the court abused its discretion in allowing the defendant in error any attorney's fees or temporary alimony; . . that said allowance of temporary alimony and attorney's fees is excessive;" and "that said petition did not show that there had been a separation of said parties, and said allowance of alimony and counsel fees was made without any showing to that effect and before the declaration was amended, for the reason that said amendment was not allowed until November 25th."

1. The court did not err in allowing temporary alimony. There was no demurrer to the petition on the ground that it failed

to allege the separation of the parties; but it is fairly inferable from the pleadings that there was a separation; the defendant himself in his plea and answer alleged acts of cruel treatment towards himself on the part of libellant, and prayed that a total divorce be granted to him. "Whenever an action for divorce is brought by either party, the judge is authorized to grant to the wife temporary alimony, including expenses of litigation. Civil Code, §2475. . . In either event the judge may inquire into the cause and circumstances of the separation, and in his discretion may refuse the application for alimony altogether. In *Sprayberry* v. *Merk*, 30 *Ga.* 81 (76 Am. D. 637), Judge Stephens said, 'It is worthy of remark that counsel fees are allowed as part of her necessary maintenance, and are allowed before it is ascertained whether she has valid grounds for divorce or not.' See also *Killiam* v. *Killiam*, 25 *Ga.* 186; *Weaver* v. *Weaver*, 33 *Ga.* 172." *Parks* v. *Parks*, 126 *Ga.* 438 (55 S. E. 176).

2. Error is assigned upon the allowance of temporary alimony and attorney's fees, upon the ground that the amounts allowed were excessive. We can not, without a consideration of the evidence heard by the judge, pass upon the question raised by this assignment of error, and there is no evidence properly before us for consideration. The only evidence in the case, as appears from the bill of exceptions, was submitted by affidavits, and none of the requirements of the law for bringing up affidavits in a case like this have been complied with by the plaintiff in error. The affidavits submitted at the hearing and which appear in the record before us follow the signature of the judge to the bill of exceptions; and while they are physically attached to the bill of exceptions, they are not referred to therein, are not attached as exhibits thereto, and are not embodied in any brief of the evidence properly certified and made a part of the record. See *Askew* v. *Hogansville Cotton Oil Co.*, 126 *Ga.* 807 (55 S. E. 921); *Glover* v. *State*, 128 *Ga.* 1 (57 S. E. 101); *Stokes* v. *Stokes*, 127 *Ga.* 160 (56 S. E. 303). As the question made by the assignment of error last referred to necessarily involves the consideration of the evidence, no adjudication thereon can be had.

*Judgment affirmed. All the Justices concur.*