In the matter of WILLIAM F. WILSON, a supposed insane person.

*New Castle, Feb. 5, 1912.*

The Court of Chancery has jurisdiction to issue a commission *de lunatico inquirendo* respecting a person who has real estate within the jurisdiction, though he be a non-resident.

Where there was no Chancery rule for the giving of notice to an alleged lunatic upon the filing of a petition for a writ of *de lunatico inquirendo*, it may be given in such a way that the Chancellor will be sure that the supposed lunatic, if in such condition that a notice will be proper and useful, has knowledge of the proceeding, though living in another jurisdiction.

Petition by Florence A. Horne for a writ to inquire into the lunacy of William F. Wilson.

*John Biggs*, for the petitioner.

THE CHANCELLOR: A petition has been filed by the sister of William F. Wilson stating that he was formerly domiciled in Delaware, and afterwards in Pennsylvania, and that he is now in a sanitarium in Maryland, at which last place he has been

under treatment for seven and one-half years last past. It is
further alleged that he is a lunatic; that he is seized and enti-
tled to real and personal estate in the State of Delaware; and
that there has not been a committee, guardian, or trustee
appointed for the care of him or his estate in any other one of
the United States. The petition asks that a writ may be
issued to inquire as to his sanity. There being no reported
decision respecting the power of the Chancellor to order an
inquisition under such circumstances, I have given careful
consideration to the matter. The general provision conferring
jurisdiction upon the Court of Chancery respecting lunatics is,
as follows:

"The Court of Chancery shall have the care of insane persons above
the age of twenty-one years, so far as to appoint trustees for such persons
to take charge of them and manage their estates. But before such
appointment, the Chancellor shall issue a writ to inquire by a jury and
determine whether the person named is insane." *Rev. Code, c.* 48, § 1,
*page* 381.

The Chancellor is also empowered to sell real estate of the
lunatic, invest the proceeds and direct expenditures of princi-
pal, as well as of income. In the same chapter it is provided
that a trustee appointed in any other one of the United States
for a person in such foreign state, having property in the State
of Delaware, may upon producing here a certain certificate
have the rights and powers of trustees appointed by the Court
here. This Court is asked in this present petition to issue a
commission to inquire into the lunacy of a person resident in
Maryland who owns real and personal property in Delaware,
and for whom no committee, guardian, or trustee has been
appointed elsewhere. It is clearly settled that a Court of Chan-
cery has, independent of statute, jurisdiction to issue a com-
mission *de lunatico inquirendo* respecting a person who has
real estate within the jurisdiction of the Court, though he be
a non-resident. Lord Hardwicke so held in the case of *Ex
parte Southcote*, 1 *Amb.* 109, where he granted a commission
concerning a person resident abroad but having an estate in
England. This was followed in the case of *In re Perkins*, 2
*Johns. Ch.* (*N. Y.*) 124, by Chancellor Kent, who appointed a

commission to inquire into the lunacy of a resident of Massachusetts who owned property in New York, the Chancellor saying:

"There is no doubt, from the case of *Ex parte Southcote*, *Amb.* 109, that a commission of lunacy may issue against a person resident abroad."

See, also, the similar decision of Chancellor Walworth in the case of *In re Petit*, 2 *Paige* (*N. Y.*) 174; *In re Ganse*, 9 *Paige* (*N. Y.*) 416; *In re Fowler*, 2 *Barb. Ch.* (*N. Y.*) 305. And see, also, *In re Child*, 16 *N. J. Eq.* 498; *In re Devausney*, 52 *N. J. Eq.* 502, 28 *Atl.* 459, in which last case the above and other authorities are fully referred to in an illuminating opinion. In *Beall v. Stokes*, 95 *Ga.* 357, 22 *S. E.* 637, it was held that the Superior Court in the exercise of its chancery jurisdiction had authority by a receiver to administer such of the estate of a lunatic resident in another state as was situated in Georgia, the adjudication of lunacy having been theretofore made elsewhere. The question as to the issuance of a commission was not under consideration in the case cited, but only the general powers of a Court of Chancery over the property in Georgia belonging to a non-resident lunatic, so that this is not authority against the foregoing conclusion. Nor are the cases which hold that a committee or trustee of the person of the lunatic (as distinguished from a committee or trustee of his property) cannot be appointed by a court in a jurisdiction other than that in which the lunatic is domiciled.

There are no formulated rules of this Court respecting the procedure by the Chancellor; but appended to the rules of practice in the Court of Chancery, revised and established in 1868 by Chancellor Bates, there are certain forms for a petition for a writ *de lunatico inquirendo*, for the writ, for the notice to be served upon the alleged lunatic and for the inquisition to be returned by the jurors summoned by the sheriff. The form of the writ which has been uniformly used since that time, if not longer, in addition to inquiring as to sanity of the person alleged to be a lunatic and as to what property is owned by him, commands the sheriff, if so required by the jurors, to cause the alleged lunatic to be produced before the jurors at

Opinion.

the execution of the writ, to be there examined; and also requires the sheriff to give at least ten days' notice to the alleged lunatic, if his condition render such notice proper or useful, but if it is not, then to such person as may have custody of him. Where the alleged lunatic is a non-resident it may be difficult to have him produced in person before the jurors, but this is not an insuperable obstacle to the exercise of the clearly established jurisdiction of this Court, because, as pointed out by Lord Hardwicke, in the case of *Ex Parte Southcote, supra,*

"No mischief can follow from the granting a commission; for if the jury are satisfied without inspection, they will find so; if not, they will not make a return, or will return that it does not appear to them that he is an idiot or lunatic."

So also as to the matter of notice to the alleged lunatic, which, of course, is very important. Inasmuch as there is no rule or statute prescribing the form or method of giving notice, it can be given in such way that the Chancellor will be sure that the supposed lunatic, if in such condition that a notice will be proper and useful, has knowledge of the proceeding, though living in another jurisdiction. It should be noted, however, that the jurisdiction of the Court of Chancery should not be exercised over the person of the lunatic, but only over such property as may be within this State. Therefore, as the authority of the Court is clearly established, as hereinabove set forth, and there are no features of practice or procedure which interfere with the exercise of the jurisdiction, an order will be made issuing a commission in this case, for the purpose of administering the estate of the person alleged to be a lunatic situated or being in this State.