No. 223. NOVEMBER 17, 1917.

---

## TILLMAN v. PEACOCK.

BECK, P. J. Mrs. Peacock filed, in the superior court of Marion county, her petition against her husband for temporary and permanent alimony, joining as a codefendant one Tillman, a resident of Sumter county, alleging, that her husband had transferred the title to certain real property in Marion county to Tillman, but that this was not a bona fide sale of the property; and that it was merely a colorable transaction entered into with the fraudulent intent to put the property where it could not be reached by execution against her husband. Injunction against alienating or encumbering the property was prayed. Tillman

pleaded, that his residence was in Sumter county, and that his code-fendant was not a resident of Marion county; that there had been no service upon his codefendant, as provided by law; that service by leaving a copy at the alleged residence of Peacock in Marion county was not sufficient, as at the time of service he had already left that county (which had been his former residence) and had acquired his domicile in another State. Upon the hearing the judge granted an interlocutory injunction restraining Tillman from alienating or encumbering the property until further order. Exception is taken to this order; and it is urged that in cases of this' kind personal service would have to be shown, and that, if personal service was not necessary, there had been no service by leaving a copy of the petition and process at the residence of the defendant Peacock. *Held:*

1. Where there is a suit for temporary and permanent alimony, service may be effected by leaving a copy of the petition and process, as in other cases at law or in equity, at the residence of the defendant. *Stallings* v. *Stallings,* 127 *Ga.* 464 (56 S. E. 469, 9 L. R. A. (N. S.) 593).

2. The evidence upon the question of the residence of Peacock was conflicting, and authorized the judge at the interlocutory hearing to find that it was in Marion county, and that service had been perfected by leaving a copy of the petition and process at that residence. *Brandt* v. *Buckley,* ante, 389.

3. There was no abuse of discretion in granting the injunction.

*Judgment affirmed. All the Justices concur.*

No. 193. NOVEMBER 16, 1917.

Injunction. Before Judge Howard. Marion superior court. January 30, 1917.

*George P. Munro,* for plaintiff in error.

*W. D. Crawford* and *W. B. Short,* contra.