## BRANDT v. BUCKLEY.

The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

No. 222. NOVEMBER 17, 1917.

Equitable petition. Before Judge Brand. Clarke superior court. January 20, 1917.

An equitable action was instituted in the superior court of Clarke County. The defendant filed a plea to the jurisdiction of the court, on the ground that at the time of the institution of the suit he was not a resident of the county, but resided in Hartford County, Connecticut. The case was tried upon this issue alone; and upon evidence submitted the jury returned a verdict against the plea. The defendant made a motion for new trial on the usual general grounds, which was overruled. The only assignment of error is upon this judgment.

*Green & Michael,* for plaintiff in error.

*Erwin, Rucker & Erwin,* contra.

ATKINSON, J. The suit was institutued on November 10, 1915. There was evidence without substantial conflict, as follows: The defendant, being a married man with a family consisting of a wife and two children, had an established domicile in Athens, Ga., where he had resided for a number of years and was engaged in business. The family lived in a residence owned by the wife, and one of the children attended the public schools of the city. The defendant decided to sell out his business and engage in a different kind of business in New Britain, Conn., and in February, 1915, he went to New Britain and acquired a place to live, and commenced the new business. Both before leaving Athens and after arriving at New Britain, he declared his intention to change his residence and citizenship as indicated above. His family remained at Athens at the established domicile, and his son continued to attend the public schools there. In December, 1915, he consummated a sale of his business in Athens to his brother, who continued to carry it on. He returned to Athens several times during the year 1915, on visits to his family, and, after remaining a few days each time, went back to Connecticut. His family had been left to reside in Athens for the reason that the home could not be suddenly broken up without financial loss, and it was more economical and expedient for the time being to live as indicated, but the intention was that the family should also move to New Britain. The testimony was somewhat voluminous touching the different occasions and the manner in which the defendant had declared his intention of making a change of his domicile, but sufficient is stated above for the purposes of this case. It is declared in the Civil Code, § 2186: "The domicile of a person 'sui

juris' may be changed by an actual change of residence with the avowed intention of remaining. A declaration of an intention to change the domicile is ineffectual for that purpose until some act done in execution of the intention." Under this law, for a person "sui juris" to change his domicile, it is essential that he should have a bona fide intent to make the change. In addition thereto, he must also declare his intent to change his domicile and do some act in execution of such intent. The question of the bona fides of the intent is generally one for determination by the jury under all the circumstances of a given case. The declaration of intention to change the residence in this case must be considered in connection with the circumstance of the defendant's allowing his family to remain at the established domicile in Athens, and his child to continue at the public schools of the city. Different inferences might be drawn by the jury; the one in favor of an intent to change, and the other against it; and under the circumstances it can not be said, as a matter of law, that the verdict finding against the plea was unauthorized.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*