## PARKER *v.* PARKER.

GILBERT, J. Mrs. Bonnie Parker filed her petition in Screven superior court, against Ivan P. Parker, her husband, and L. W. Parker, his brother, alleging that she was living in a bona fide state of separation from her husband, and that her husband had conveyed certain described real estate to L. W. Parker for the purpose of defrauding her of her legal rights; and praying that she be granted temporary and permanent alimony, that the deed from the husband to the brother be canceled, and that the defendants be enjoined from disposing of or encumbering the property. Ivan P. Parker filed a plea to the jurisdiction, on the ground that at the time of commencement of the suit he was a resident of Richmond County; and he demurred to the petition, on the ground that it was not alleged that he had any income from which alimony could be paid. The judge granted temporary alimony,

and continued the restraining order. He declined to rule upon the issue in regard to jurisdiction, stating in his order that the issue would be submitted to a jury for determination; and overruled the demurrer. Ivan P. Parker excepted. The defendant in error moved for dismissal of the writ of error and for allowance of ten per cent. damages. *Held:*

1. The motion to dismiss the writ of error in this court is without merit, as is also the motion for damages.

2. The judgment overruling the demurrer was not erroneous.

3. Under the facts of the case it was not erroneous for the court to render judgment in favor of the wife, awarding alimony pendente lite. Temporary alimony is awarded to afford the wife the means of contesting all the issues between herself and her husband in such a case; and the plea to the jurisdiction is one of the issues raised. *Carnes* v. *Carnes*, 138 *Ga.* 1 (74 S. E. 785).

4. It was not erroneous to refer the issue formed by the plea to the jurisdiction to a jury. Compare *Brandt* v. *Buckley*, 147 *Ga.* 389 (94 S. E. 233); *Tillman* v. *Peacock*, 147 *Ga.* 391 (94 S. E. 234).

(a) The plaintiff's right to cancellation is dependent on her right to a judgment for alimony. The jurisdiction of the court, therefore, is fixed by the power to render that judgment; and if the court has jurisdiction for that purpose, it draws to its power of rendering judgment against the debtor the power of administering ancillary equitable relief in the matter of cancellation. The power to render ancillary relief does not fix the jurisdiction of the court. *Fourth National Bank* v. *Mooty*, 143 *Ga.* 137 (84 S. E. 546).

5. The judge did not abuse his discretion in continuing the restraining order.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 749. JUNE 14, 1918.

Equitable petition. Before Judge Hardeman. Screven superior court. December 12, 1917.

*Len. B. Guillebeau*, for plaintiff in error.

*E. K. Overstreet*, contra.