WAYCASTER *v.* WAYCASTER.

GILBERT, J. Carrie Waycaster brought an action against Thurman Way-
caster for divorce, and for permanent and temporary alimony. The
petition was filed on August 11, 1919, and was made returnable to the
September term of court. On August 13 the judge passed an order
requiring the defendant to show cause before him, at a designated
time and place, why temporary alimony and counsel fees should not be
granted to the petitioner as prayed. At the appearance term the de-
fendant demurred to the petition, on the ground that it set out no
cause of action for divorce. He also filed a special plea alleging that
the superior court had no jurisdiction over alimony, but that the judge
of such court had exclusive jurisdiction; that the defendant should not
be required to answer as to temporary alimony, for the reason that no
petition had been presented to the judge of the superior court in term
time, based upon a pending action for divorce; that the rule nisi was
passed by the court when there was no pending action for divorce; that
the petition for divorce was filed on August 11, 1919, the order to show
cause why temporary alimony and counsel fees should not be granted
was signed on August 13, 1919, and the defendant was served on August
18, 1919. *Held*:

1. "In suits for divorce, the judge presiding may, either in term or vaca-
tion, grant alimony, or decree a sum sufficient for support of the

family of the husband dependent upon him, and who have a legal claim upon his support, as well as for the support of his wife." Civil Code, § 2980.

2. Notwithstanding the general demurrer attacking the sufficiency of the petition, a suit for divorce will be considered as pending until a judgment is rendered sustaining the general demurrer. The sufficiency of the petition to withstand the demurrer is one of the issues to be determined by the court, and temporary alimony may properly be awarded to afford the wife the means of contesting all of the issues in the case. *Parker* v. *Parker*, 148 *Ga.* 196 (3), 197 (96 S. E. 211); *Harrison* v. *Harrison*, 133 *Ga.* 31 (65 S. E. 126).

3. An order requiring the husband to show cause, at a designated time and place, why temporary alimony should not be awarded to the wife, signed "W. L. Hodges, Judge, Superior Court, Northern Circuit," is a valid rule nisi which may be legally passed upon an application for temporary alimony included in and as a part of a suit for divorce addressed to and filed in the superior court. *Harrison* v. *Harrison*, supra.

4. After filing, the rule nisi could lawfully issue prior to the service of the petition for the purposes of the divorce trial; the attendance of the defendant on the hearing for temporary alimony being in response to the rule nisi, and not by virtue of the service of process. *Hogan* v. *Hogan*, 148 *Ga.* 151 (2), 152 (95 S. E. 272).

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent on account of sickness.*

No. 1811. MARCH 9, 1920.

Temporary alimony, etc. Before Judge Hodges. Franklin superior court. November 28, 1919.

*James H. & Emmett Skelton* and *Goode & Owens,* for plaintiff in error.

*W. R. Little* and *R. T. Camp,* contra.