## LEGG *v.* LEGG.

1. At chambers, before the return term, the court had no authority to dismiss the plaintiff's petition.
2. The trial judge did not err in awarding temporary alimony and attorneys' fees, and in granting an interlocutory injunction restraining the defendant from disposing of certain property pending the determination of the issues of the case on final trial.

No. 1668. APRIL 15, 1920.

Temporary alimony, etc. Before Judge Tarver. Gordon superior court. September 6, 1919.

*Starr & Paschall* and *Dillard & Burress,* for plaintiff in error.

*J. G. B. Erwin* and *Maddox, McCamy & Shumate,* contra.

HILL, J. The suit for divorce and alimony was returnable to the February term, 1920, of the superior court. The judge of the superior court issued a rule nisi requiring the defendant to show cause on the 6th day of September, 1919, why temporary alimony and injunction should not be awarded as prayed. The defendant filed a plea to the jurisdiction of the court, and at the hearing at chambers in September, 1919, orally moved to dismiss the proceedings for alimony, on the ground that no personal service of the defendant had been effected as required by law. The motion was overruled; and the court awarded temporary alimony, attor-

ney's fees, and granted an interlocutory injunction restraining the defendant from disposing of certain property. The defendant excepted.

1. At chambers, before the return term, the court had no authority to dismiss the petition. The appearance of the defendant at chambers was not in response to the process attached to the suit for divorce, etc., but was in response to the rule nisi issued by the judge to show cause why temporary alimony, etc., should not be granted. *Hogan* v. *Hogan,* 148 *Ga.* 151 (95 S. E. 972). The question of jurisdiction was a disputed issue in the case, and remained for determination in term time on the trial. *Parker* v. *Parker,* 148 *Ga.* 196 (4), 197 (96 S. E. 211); and see *Brandt* v. *Buckley,* 147 *Ga.* 389 (94 S. E. 233); *Tillman* v. *Peacock,* 147 *Ga.* 391 (94 S. E. 234); *Waycaster* v. *Waycaster,* 150 *Ga.* 75 (102 S. E. 353).

Temporary alimony is awarded to the wife, among other things, for the purpose of enabling her to contest all of the issues between herself and her husband in a proceeding for divorce and alimony; and a plea to the jurisdiction in the present case is one of the issues raised and to be determined on final trial. *Parker* v. *Parker,* supra; *Carnes* v. *Carnes,* 138 *Ga.* 1, 3 (74 S. E. 785). As to the injunction feature see also *Parker* v. *Parker,* supra.

The court's authority to grant an injunction is dependent upon his jurisdiction in the divorce and alimony case, the injunction being ancillary to the main proceedings for divorce and alimony.

The trial judge did not err, under the facts of the case, in awarding temporary alimony and attorney's fees, and did not abuse his discretion as to the amount thereof; nor in granting an interlocutory injunction restraining the defendants from disposing of certain property pending the determination of the issues of the case on final trial.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*