## LEE v. LEE.

GILBERT, J. 1. Temporary alimony and counsel fees are awarded to afford the wife the means of contesting all of the issues between herself and her husband, where a suit for divorce is filed by the husband and a cross-action is filed by the wife asking for alimony and attorney's fees and denying the right of the husband to divorce. One of the issues raised in the present case is the wife's plea denying jurisdiction of the divorce suit. *Odum* v. *Odum*, 132 *Ga.* 437 (64 S. E. 470); *Carnes* v. *Carnes*, 138 *Ga.* 1 (*a*) (74 S. E. 785); *Parker* v. *Parker*, 148 *Ga.* 196 (3) (96 S. E. 211); *Waycaster* v. *Waycaster*, 150 *Ga.* 75 (2) (102 S. E. 353); *Legg* v. *Legg*, 150 *Ga.* 133, 134 (102 S. E. 829).

2. The Civil Code (1910), § 2950 provides as follows: "No court in this State shall grant divorce of any character to any person who has not been a bona fide resident of the State twelve months before the filing of the application for divorce." There is no provision of law extending this requirement of twelve months bona fide residence to the application of the wife for alimony and attorney's fees.

3. The husband, in filing his suit in the county of Chatham, voluntarily submitted himself to the jurisdiction of that court. On the face of his petition jurisdiction appeared complete. Only when the wife filed her plea was the jurisdictional fact challenged. On the trial the husband did not appear. No evidence was admitted. The court, erroneously we think, because of the sworn plea of the wife, adjudged the court to be wholly without jurisdiction in the case for any purpose. In the case of *Campbell* v. *Campbell*, 67 *Ga.* 423, it was held: "Where a husband arriving in Savannah, in this State, abandons his wife, a bill by her for alimony will lie against him if found and served in the county of Chatham; and the chancellor, thus having jurisdiction of the case for permanent alimony, may grant temporary alimony as in cases of petitions for divorce." In that case the court, having jurisdiction for purposes of permanent alimony, was empowered to grant temporary alimony as in case of petitions for divorce. On principle, the filing of the suit by the husband and the filing of the cross-action by the wife, as in this case, was equivalent to the filing of an independent action for alimony, and personal service of the same, where both parties were non-residents.

4. Applying the principles above ruled, it follows that the judgment of the court, dismissing the entire case on the ground that the court was without jurisdiction, must be reversed.

                       *Judgment reversed. All the Justices concur.*

                   *David S. Atkinson,* for plaintiff in error.