W. S. Davenport, on August 28, 1922, procured judgment against N. S. Buice and Willis Thompson, makers, and R. A. Carruth, indorser. Execution was issued on September 8, 1922, and recorded on September 9, 1922. Levy was made, March 15, 1923, upon 60 acres of land as the property of N. S. Buice. Selena Thompson filed her claim to the land levied upon. The case was tried before a jury, which found the land subject. A motion for new trial was refused, and the claimant excepted.

*J. P. Brooke,* for plaintiff in error.   *A. C. Wheeler,* contra.

New Trial, 29 Cyc. p. 821, n. 36.
Trial, 38 Cyc. p. 1618, n. 36.

## DONALSON *v.* BRIDGES.

Under the rulings in the cases cited in the opinion, it was error for the court to dismiss the petition upon demurrer.

No. 5312.   JULY 13, 1926.

Equitable petition. Before Judge Custer. Decatur superior court.   February 6, 1926.

*P. D. Rich,* for plaintiff.

*M. E. O'Neal* and *W. V. Custer Jr.,* for defendant.

BECK, P. J. In a suit for divorce brought by Mary L. Donalson against her husband, Oscar Donalson, it is alleged that the latter abandoned his wife and children on May 5, 1925, leaving

Divorce, 19 C. J. p. 320, n. 23.

them at their home on the land brought into controversy by this suit; that on the following day he sold the land and made a deed conveying the same to Bridges, one of the defendants in the suit. The wife immediately filed a suit for permanent alimony against the husband and against Bridges, the purchaser of the land, to cancel the deed. In that suit it is alleged that her husband was non compos mentis at the time of the execution of the deed referred to. It is alleged further that the deed was executed for the purpose of defeating the right and claim of petitioner to alimony; and that the purchaser, Bridges, knew at the time of taking the deed that it was the intention and purpose of the grantor "to dispose of his property or place it beyond the power of petitioner to subject it to the claim for alimony, and then to abandon petitioner," etc. A demurrer to this petition was filed, and at the hearing was sustained, and the petitioner excepted.

We are of the opinion that the court erred in dismissing this case upon demurrer. In our opinion the essential issues in the case have been adjudicated by prior decisions of this court. The similarity of the controlling issue here to the questions ruled in the case of *Parker* v. *Parker,* 148 *Ga.* 196 (96 S. E. 211), will be apparent upon reading that case, and it is unnecessary to set forth the facts in the *Parker* case or to further elaborate the rulings made. See also the cases of *Tillman* v. *Peacock,* 147 *Ga.* 391 (94 S. E. 234), and *Gray* v. *Gray,* 65 *Ga.* 193. In the present case it is alleged that the husband was non compos at the time of making the deed which the wife seeks to have set aside. It is also alleged that the husband has deserted his home, disappeared, and his whereabouts are unknown. In the case of *Beall* v. *Stokes,* 95 *Ga.* 357 (22 S. E. 637), it was held: "Where the lunatic husband was confined in an Alabama asylum and owned property in this State, the superior court of the State could administer the property for the support of his wife and children." In the case of *Forrester* v. *Forrester,* 155 *Ga.* 722 (118 S. E. 373, 29 A. L. R. 1363), it was held: "The property of a non-resident husband which may be found in this State may be seized and appropriated for the support of his wife, by proper proceedings quasi in rem in a court of equity which has jurisdiction of the subject-matter of the suit and possession of a res which may be subjected. In a proceeding in rem service may be perfected by seizure of the res.

Lack of service does not necessarily imply lack of jurisdiction."

As to the point raised by demurrer that the question of the right to restraining order had been previously adjudicated, a sufficient answer to that contention is that in the present petition it is alleged that the former restraining order had been dissolved on the ground that it was not shown at the hearing that "the defendant, Bridges, had attempted or threatened in any manner to interfere with possession of petitioner in said premises;" but it is now alleged that since the former restraining order was dissolved the defendant, Bridges, has instituted proceedings to evict petitioner, and will do so unless restrained by a court of equity.

The contention made by movant that the writ of error should be dismissed on the ground that the questions presented in the record are now moot is without merit.

*Judgment reversed. All the Justices concur.*