## OZMORE v. OZMORE.

RUSSELL, C. J. 1. The present plaintiff in error, as defendant in the lower court, protested the jurisdiction of the court upon the ground that the petition for permanent alimony was only filed five days before the appearance term. This case is distinguished from *Stallings* v. *Stallings*, 127 *Ga.* 464 (56 S. E. 469, 9 L. R. A. (N. S.) 593), and similar cases in which there was no process attached to the petition. The court properly overruled the protest or plea to the jurisdiction. *Giles* v. *Cook*, 146 *Ga.* 436 (91 S. E. 411) ; *Waycaster* v. *Waycaster*, 150 *Ga.* 75 (4), 76 (102 S. E. 353) ; *Hogan* v. *Hogan*, 148 *Ga.* 151 (95 S. E. 272).

2. The court did not err in overruling a demurrer based on the ground that the allegations of the petition were inconsistent, in that while it was alleged that the defendant had abandoned the plaintiff, there was also an allegation that the defendant had contributed a named amount under the terms of an agreement between the parties. Even if the alleged agreement were legal and enforceable, it plainly appeared from the petition that the same had not been fully complied with; and therefore it appeared that at the time of the institution of this suit the defendant had in fact abandoned his wife and children.

3. The court did not err in excluding from evidence the alleged agreement between the husband and the wife. This writing provided, among other things: "The wife is to file suit for divorce against the husband, which he agrees not to contest, and the husband agrees to pay counsel fees and costs in said case." This instrument was clearly void as contrary to public policy. *Don* v. *Don*, 158 *Ga.* 254 (123 S. E. 268) ; *Sumner* v. *Sumner*, 121 *Ga.* 1 (3) (48 S. E. 727) ; *Birch* v. *Anthony*, 109 *Ga.* 349 (34 S. E. 561, 77 Am. St. R. 379) ; *Watson* v. *Burnley*, 150 *Ga.* 460, 463 (104 S. E. 220) , and cit.

4. The wife was entitled to temporary alimony for the purpose of enabling her to contest the disputed issue between the parties as to the validity of the contract. *Waycaster* v. *Waycaster*, supra; *Lee* v. *Lee*, 154 *Ga.* 820 (115 S. E. 493).

5. The judge did not abuse his discretion in allowing the plaintiff, for the use of herself and seven minor children, one half of the salary of the defendant; and the allowance of fifteen dollars as attorney's fees was extremely mild.     *Judgment affirmed. All the Justices concur.*

No. 9993. JULY 10, 1934. REHEARING DENIED SEPTEMBER 25, 1934.

*E. L. Smith & Son,* for plaintiff in error.