27391. ANDERSON *v.* DAVIS-WASHINGTON COMPANY *et al.*

DECIDED MARCH 1, 1939.

*Wengrow & Shelfer,* for plaintiff.

*W. S. Mann, Scott Candler, W. H. Mewbourne, Neely, Marshall & Greene, Robert Lee Avary Jr.,* for defendants.

FELTON, J. The widow of H. Clayton Anderson filed a claim for compensation against her husband's employer and the insurance carrier. Compensation was denied on the ground that the widow had voluntarily abandoned her husband at the time of the accident. The superior court affirmed the award denying compensation and the widow excepted.

The widow testified that while she and her husband were living together as man and wife in Alabama, her husband told her he did not love her and to go to her mother, which she did. She returned to Georgia and instituted a suit for divorce in Fulton County, in which it was alleged that her husband was a resident of Alabama. There was no personal service or service by publication. After the divorce suit was filed the parties lived together for one night as man and wife in Atlanta. A divorce-and-alimony decree was rendered in the case, which was later set aside as a nullity for lack of jurisdiction of the court granting it. The parties then agreed upon a second suit, and an amount was actually paid by the husband in lieu of all alimony, and it was agreed that the husband would not defend the divorce suit. The husband paid the costs of court in the second suit, and with the money paid in settlement the widow's

lawyer was paid his fee in the presence of the husband. A great deal of evidence was introduced for the purpose of showing that by the widow's conduct she had abandoned her husband. While some of her conduct outside of that set forth above, may be classed as indiscreet, none nor all of it combined, would authorize the conclusion of abandonment. The conduct we have set forth above, however, does authorize such a conclusion. If the husband originally abandoned the wife by telling her he didn't love her and to go home to her mother, she condoned it by living with him as his wife. The void divorce decree did not eradicate the condonement. After this condonement there is no evidence of abandonment on the part of the husband, and the fact that the widow entered into a void contract to sever the marital relationship (Ozmore v. Ozmore, 179 Ga. 339, 175 S. E. 789), thereby implying that she had no grounds for divorce, authorized a finding that she had abandoned him. The judgment of the superior court affirming the award denying compensation to the widow is affirmed.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*