MOODY *v.* MOODY.

No. 14061. MARCH 14, 1942. REHEARING DENIED MARCH 30, 1942.

*Hamilton Kimzey, Herbert B. Kimzey,* and *Frank Jackson Adams Jr.,* for plaintiff in error. *A. H. Henderson,* contra.

REID, Chief Justice. ■ The first contention of the plaintiff in error is that the court, at the interlocutory hearing in an action for divorce where the custody of two minor children was awarded to the wife, was without jurisdiction of the person of one of the children who was not present in court. The record shows that at the hearing the husband was represented by an attorney. There was no suggestion that the wife, husband, or minor child was not within the territorial jurisdiction of the court, nor was any plea to the jurisdiction filed. By statute the court is authorized, in an action for divorce, to determine who shall have custody of the children of the marriage. Pending an application for divorce the court in the exercise of a sound discretion may, as between the parties, withdraw minor children from the custody of either. Code, § 30-127. In suits for divorce the presiding judge may, either in term or vacation, hear and determine who shall be entitled to the care and custody of the children pending the litigation. § 30-206. We do not find any requirement in any of the statutes relating to the

award of custody of children in an action for divorce that the children be brought personally into court. In this respect the statutes authorizing the court to determine who shall have the custody of children in an action for divorce differ from habeas corpus. In a habeas-corpus proceeding the form of writ specified by the Code, § 50-106, commands the production of the body of the person alleged to be illegally detained. No such writ is required in an action for divorce where the custody of the children is one of the matters to be passed on by the trial judge. While the particular question presented by this contention does not appear to have been passed upon previously by this court, it has been decided in other jurisdictions, in the cases viz.: Mollring v. Mollring, 184 Iowa, 464 (167 N. W. 524); Power v. Power, 65 N. J. Eq. 93, 95 (55 Atl. 111); Pieretti v. Pieretti, 13 N. J. Misc. 98 (176 Atl. 589), from which it is stated in 19 C. J. 342, § 790, and 27 C. J. S. 1164, § 303, as follows: "It is not necessary, in an action for divorce, to entitle the court to award the custody of the children of the parties, that such children should be brought personally into court by habeas corpus or otherwise." We are not aware of any principle of law or statute in our State which the above rule would offend. Hence the first contention of the plaintiff in error is without merit.

■ In paragraph 9 of the petition, after naming Lois Moody and William Moody, minor children, it is alleged that the plaintiff "sues in this action for the custody and control of said children," and she prays "that the custody of the two minor children be awarded to petitioner." The order and rule nisi issued by the judge for the interlocutory hearing provided that the defendant be served with a copy of the petition and order. Thus the defendant was apprised that the custody of both minor children was contemplated as a part of the subject-matter of the interlocutory hearing. The contention of the plaintiff in error that the pleadings did not authorize any award of the custody of the minor, Lois Moody, is without merit.

■ Another contention is made, that the hearing was without the county on interlocutory hearing, and that the court was without authority to make any final award of the custody of the children. Interpreting this assignment of error as an attack solely on the premise assumed by the plaintiff in error, that the award was final, we examine that part of the order relating to the custody of

the children, to determine if it was a final award or simply a temporary disposition of the children. The applicable portion of said order reads: "It is further ordered that the custody of both minor children, to wit: Lois Moody and William Moody, be and they are awarded to the plaintiff, Mary Moody, and their custody is by this order placed in her." An almost identical order was passed on by the court in *Cason* v. *Cason,* 158 *Ga.* 395, 401 (123 S. E. 713). The order in the *Cason* case, passed upon at interlocutory hearing, read: "Ordered further that the custody of the two minor children, Mildred Cason and Geneva Cason, be awarded to their mother, the plaintiff." It was there held: "Under proper construction of the order of the court awarding the custody of the children to the wife, such disposition was temporary and not permanent." In the instant case the order awarding the custody of the two minor children will be treated as a temporary disposition of the children pending the litigation. *Kniepkamp* v. *Richards,* 192 *Ga.* 509 (2-*b*) (16 S. E. 2d, 24). A judge at chambers, and in a county other than that in which the defendant resides, has jurisdiction in an action for divorce and custody of children, where proper notice has been given to defendant, to award custody of the children pending the litigation. In view of the above there is no merit in the contention.

■ The plaintiff in error insists that there was pending before the ordinary of Habersham County, at the time the present suit for divorce, alimony, attorney's fees, custody of children, and injunction was filed and pending in Habersham superior court, a habeas-corpus suit between the same parties, undisposed of, which gave to the ordinary exclusive jurisdiction of the minor Lois Moody, and that neither the superior court of Habersham County nor Honorable T. S. Candler, Judge thereof, had any jurisdiction of the said minor, so as to make any award of her custody or allowance of alimony. In *Duke* v. *Duke,* 181 *Ga.* 21 (3) (181 S. E. 161), it was held: "In determining the custody of children, upon a pending suit for divorce, alimony, and such custody, the judge of the superior court may, despite the pendency of a habeas-corpus proceeding between the same parties, after hearing all the facts and circumstances, exercise a sound discretion in awarding the custody of the children." Accordingly, the contention is not meritorious.

■ The next contention is that at the time the present suit was

filed and the interlocutory order entered another suit between the parties, for divorce, alimony, attorney's fees, and custody of the children was pending, and that because of a certificate of the clerk of court, introduced in evidence at the interlocutory hearing, showing that the said former suit had not been disposed of, the pendency of the former suit operated to prevent the judge from making an award of the custody of the minor child, Lois Moody, or making any allowance of temporary alimony. The pendency of a former suit for the same cause of action, between the same parties, in any court that has jurisdiction, constitutes a good cause of abatement, provided the first action is not so defective as to prevent a recovery therein. Code, § 3-607; *Atlanta, Knoxville & Northern Railway Co.* v. *Wilson,* 119 *Ga.* 781 (47 S. E. 366). But such an abatement will not result from proof of such facts, in the absence of proper pleading setting up the grounds of abatement. *Rozetta* v. *Rozetta,* 181 *Ga.* 494 (3) (182 S. E. 847). In the case last cited it was held not error to exclude evidence that at the time the suit was instituted there was a former suit on the same cause of action, the court saying: "The pendency of the former action was a matter for special plea." In *Jones* v. *Jones,* 178 *Ga.* 710 (174 S. E. 338), it was held: "On the hearing of an application for temporary alimony in vacation before the term of court to which the suit is returnable has arrived, it is error to pass an order striking a plea in abatement. *Thomas* v. *Thomas,* 145 *Ga.* 111 (88 S. E. 584)." In *LaFitte* v. *LaFitte,* 171 *Ga.* 404 (155 S. E. 521) the court held: "On a suit for permanent and temporary alimony and for attorney's fees, met by plea to the jurisdiction of the defendant's person, the judge did not err in awarding a temporary allowance with fees, pending the case and before final trial in term." In the *LaFitte* case the court said: "Temporary alimony is awarded to afford the wife the means of contesting all of the issues between herself and her husband in such a case; and the plea to the jurisdiction is one of the issues involved. *Parker* v. *Parker,* 148 *Ga.* 196 (3) (96 S. E. 211) ; *Waycaster* v. *Waycaster,* 150 *Ga.* 76 (2) (102 S. E. 353) ; *Legg* v. *Legg,* 150 *Ga.* 133, 134 (102 S. E. 829) ; *Lee* v. *Lee,* 154 *Ga.* 820 (115 S. E. 493)." While there was no plea in abatement in the instant case, it is demonstrated by the foregoing authorities that the pendency of a former action is a matter of special plea, although the existence of such a special plea

would not affect a temporary order awarding custody of the children and alimony, passed on interlocutory hearing before the regular term. The failure of the certificate of the clerk of court to set out a copy of the suit or show the extent of the relief asked in the former suit (except as might be indicated by the character of the case) need not be discussed. Whether or not there were grounds for abatement in the present action, we need not decide, since the question is not presented by this record.

■ The contention of the plaintiff in error that the award of the custody of the children, attorney's fees, and temporary alimony is without evidence to support it, and that the amount awarded as temporary alimony is excessive under the evidence, should be examined under certain well-established principles of law. Pending a libel for divorce the judge in the exercise of a sound discretion may, as between the parties, temporarily award custody of the children. *Cason* v. *Cason,* supra; Code, §§ 30-127, 30-206. An award of temporary alimony, attorney's fees, and custody of the children, although made on conflicting evidence, will not be disturbed where it does not appear that the discretion of the trial court was abused. *Kelly* v. *Kelly,* 146 *Ga.* 362 (91 S. E. 120) ; *Simpson* v. *Simpson,* 148 *Ga.* 151 (95 S. E. 961) ; *Nolan* v. *Nolan,* 179 *Ga.* 677 (177 S. E. 248). Some of the evidence of the husband and the witnesses in his behalf was in sharp conflict with that of the wife, especially on the issues of cruel treatment, habitual intoxication, physical condition of the husband and his ability to work, and whether or not the wife voluntarily left the husband without cause. However, it was shown, substantially, by the testimony of the wife, that her husband was contentious, abusive, and cruel to her; he had not supported her or the minor children since separation; he drank in the home with his friends, and was in the habit of getting drunk; he was drinking on the day of the separation; she wanted to go to visit her sister who was sick, but he would not allow her to go; he owned an automobile, household property, and farm tools; he made $2 per day at outside work besides his farming; and she wanted custody of the minor children, but she was not able to look after them without assistance.

■ The evidence authorized the judge to award temporary alimony, attorney's fees, and custody of the children pending the litigation, and there was no abuse of his discretion in so doing. Under

the evidence the sum of $12 per month awarded for temporary alimony was not excessive.

*Judgment affirmed. All the Justices concur.*