## 25145. HUNT v. HUNT.

SUBMITTED APRIL 15, 1969—DECIDED MAY 8, 1969.

*R. T. Spencer, Henry G. Smith, Jr.,* for appellant.
*Wisse & Kushinka, George Kushinka,* for appellee.

ALMAND, Presiding Justice. On December 13, 1968, Nancy Lee Hunt filed her complaint against Dick T. Hunt for a divorce, custody of their three minor children, temporary and permanent alimony and attorney's fees. In her complaint, she alleged that she had resided in Georgia for more than six months and that the defendant was a resident of Houston County.

A rule nisi was issued requiring the defendant to show cause why the prayers of the wife as to alimony and custody of the children should not be granted.

Personal service was had upon the defendant.

After the hearing, the court, on December 27, 1968, awarded the custody of the two youngest children to the plaintiff along with a stated sum to be paid weekly for her support and the support of the children.

In this civil action, the plaintiff, on January 13, 1969, filed her petition to have the defendant adjudged in contempt of court for his failure to comply with the order of December 27, 1968, as to: (a) her right to the custody of the two children, and (b) his obligation to pay the alimony. She also asked that the defendant be required to produce the two minors in court. Personal service of this petition and rule nisi was made upon the defendant.

The defendant filed his motion to cancel the order of December 27, 1968, on the following grounds: (a) that plaintiff and defendant are not residents of Houston County, and (b) that the two minor children were not physically present in the State of Georgia at the time the award of their custody was made. Subject to his plea to the jurisdiction, the defendant filed his answer in which he prayed that the complaint for divorce be dismissed.

On the hearing of the several motions of the parties, the court entered an order: (a) denying the defendant's motion to postpone the hearing on the rule for contempt and the habeas corpus petition; (b) denying the motion to dismiss the petition for attachment for contempt and habeas corpus; (c) denying the motion to vacate the order awarding temporary alimony and custody of the two children for want of jurisdiction over the parties and the subject matter; (d) directing the Sheriff of Houston County to take possession of the two children and deliver them to the custody of the plaintiff; and (e) adjudging the defendant in contempt of court for failing to deliver the children to the plaintiff and pay the alimony awarded in the order of December 27, 1968. The defendant was given the right to purge himself of contempt by complying with the said order.

Error is assigned on all of the above order.

■ Motion for continuance. The record shows that the defendant was served the rule nisi in plaintiff's petition for contempt and habeas corpus on January 13, 1969, and that he filed defensive pleadings on January 16, 1969.

The court did not err in refusing to continue the hearing.

■ The main thrust of the several motions of the defendant is that the court, in passing the order as to alimony and custody of the minor children, lacked jurisdiction over the parties and subject matter.

There was evidence that at the time the complaint was filed the defendant was in the military service, and that the parties resided at Warner Robins Air Force Base, adjacent to Houston County. There was also evidence that the plaintiff and the defendant had resided on this military reservation for more than 12 months next preceding the date of the filing of the plaintiff's complaint. Thus, Art. VI, Sec. XIV, Par. I of the Georgia Constitution (*Code Ann.* § 2-4901), which provides that "any person who has been a resident of any United States Army Post or military reservation within the State of Georgia for one year next preceding the filing of the petition may bring an action for divorce in any county adjacent to said United States Army Post or military reservation," was complied with.

It also appears that the defendant was personally served and that the court had jurisdiction over him. *Miller v. Miller*, 216 Ga. 535 (118 SE2d 85). See also: *Lee v. Lee*, 154 Ga. 820 (115 SE 493); *LaFitte v. LaFitte*, 171 Ga. 404 (155 SE 521).

The court, at the time the order of December 27, 1968, was entered, had jurisdiction of the action for temporary alimony and award of the custody of the children. Though the two minor children were not physically in Georgia (they were on a visit to their aunt in Florida), the evidence shows that the defendant was present in court when the December order was entered. The legal residence of the minor children was the residence of the father. It was not necessary that the children be present when the award of custody was made by the court. *Schroeder v. Schroeder*, 144 Ga. 119 (1) (86 SE 224); *Moody v. Moody*, 193 Ga. 699 (1, 2) (19 SE2d 504).

The court did not err in overruling the several motions relating to jurisdiction of the court.

■ The order directing the delivery of the two children to their mother and adjudging the defendant in contempt of court for failure to obey the court's order of December 27, 1968, as to the payment of alimony, is supported by the evidence.

*Judgment affirmed. All the Justices concur.*