## GRAY BROTHERS *et al. vs.* GRAY.

1. Alimony is granted in cases pending for a divorce, and in suits where there is a voluntary separation between the parties, or where the wife, against her will, is abandoned by the husband. In these latter cases, where the husband fails to make provision for the support of the wife and minor children, equity may compel him thereto by decree.
2. That equity will, by injunction, prevent the husband from alienating his property to defeat alimony, being well established, if others cooperate with him to perpetrate such wrong, the same remedy is proper as against them.

Injunction. Husband and wife. Alimony. Before Judge SIMMONS. Houston County. At Chambers. April 13th, 1880.

Reported in the opinion.

W. E. COLLIER; W. C. WINSLOW, Jr., for plaintiffs in error.

DUNCAN & MILLER, by brief, for defendant.

CRAWFORD, Justice.

Mrs. D. L. Gray filed her bill in equity setting forth that her husband, P. N. Gray, on the seventh day of

February, 1880, abandoned her, and has since that time written to her that he never intended to return ; that he made no provision for the support of herself and their infant child, although possessed of ample means to do so ; that just before leaving, with the intent and purpose to defeat and prevent her from getting that support which the law would give them, he sold, or pretended to sell, to Gray Brothers, the defendants, his near relatives, all his real and personal estate with knowledge on their part that such was his purpose.   She further sets forth that even if the sale were a real one, that the money has not been paid, but held by the purchasers, and if not real but a pretended sale, as she believes it was, the ownership is still in P. N. Gray, her husband, and that this transaction was had to defeat the rights of herself and child.   It is also alleged that his land had before then been rented for the present year to the defendant, Sandifer, for nine bales of cotton, for which he gave his note, and if it has been traded, that the purchaser as well as the said Sandifer, had full notice of the purpose and intent of her said husband by trading it to defeat the just claims of herself and child.

The prayer of the bill is, that permanent alimony may be decreed to them of her said husband, P. N. Gray, to be made chargeable on the land if he still has the title, and that the said pretended sale of the real and personal property be set aside, and declared null and void, and if the sale stands then, that the money be paid into court to be directed by its final decree.   She further prays the appointment of a receiver to take charge of the said property pending the litigation, to hold it subject to the order of the court, and that injunction be granted restraining defendants, Gray Brothers, from paying over any money to the said P. N. Gray, or selling or transferring any of the said property, and the said Sandifer from paying the said rent note.

The chancellor on the foregoing bill granted an order

*nisi,* and, upon its hearing, granted an injunction and appointed a receiver, to which order the defendants excepted, and assigned the same as error.

The question, therefore, for our decision is, did the chancellor, under the facts stated in complainant's bill, commit error?

1. Alimony is granted in cases pending for a divorce, and in suits where there is a voluntary separation between the parties, or where the wife, against her will, is abandoned by the husband. In these latter cases, where the husband fails to make provision, equity by a decree may compel him to such provision for the support of his wife and minor children. To this end, therefore, she may file her bill setting forth fully her case, and the judge may hear the same in term or vacation, and grant such order as if it were based on a pending libel for divorce, to be enforced in the same manner, together with any other remedy applicable to a court of equity. Code, §1746.

In the case before us, the complainant has sought the remedy authorized by law against the husband, but has also made others parties, whom she charges as being in complicity with the husband to defeat her of her lawful rights. The aid of equity by injunction to prevent *the husband* from alienating his property to defeat the wife in obtaining alimony, has been often sought pending applications for divorce, and always recognized when a proper case of emergency is shown. High on Inj., §843.

2. This being a well-established doctrine as to the husband, if others seek to aid and co-operate with him to perpetrate a wrong upon the wife, then both upon principle and authority they may be restrained therefrom by like remedies as exist against the husband. 4 Gill, 105.

These allegations of complainant being issuable, are to be maintained on the hearing of the bill, by sufficient proofs to show that the co-defendants of the husband have combined with him to defeat and deprive her of per-

manent alimony, by collusive possession and pretended purchases of the property named; or to be overcome by showing that they are untrue and without foundation in fact; in either case it is but just and equitable that the *status quo* should be preserved until the truth shall be made to appear.

We therefore affirm the judgment of the chancellor in granting this injunction, but hold that the appointment of a receiver was premature, in view of the fact that no insolvency is charged, and that there is an intervening court before the promissory note falls due, as well as the power of the injunction now of force over the parties.

Judgment affirmed, with directions.