*W. B. Mebane* and *M. B. Eubanks,* for defendant.

---

### MITCHELL, administrator, v. RAWLS, administrator.

Where the evidence demanded a verdict for the defendant, a new trial will not be granted on motion of the plaintiff, whether or not the rulings complained of were entirely accurate.

Argued February 4,—Decided May 13, 1908.

Complaint for land.   Before Judge Alvan D. Freeman.   Coweta superior court.   January 29, 1907.

*W. C. Wright,* for plaintiff in error.   *H. A. Hall,* contra.

LUMPKIN, J.   The administrator of W. A. Mitchell, deceased, brought suit against the administrator of Susan Mitchell, the wife of the deceased, as such and as an individual, to recover certain real estate for the purpose of administration.   There was no controversy as to the fact that Mitchell had owned the property, that the legal title had been in him, and that the plaintiff was entitled to recover, unless because of a claim that a contract had been made between the deceased and his wife, while he was clerk of the superior court, to the effect that if she would assist him in discharging the clerical duties of the office of clerk, thus saving him the necessity of employing an assistant, he would use the amount saved to him by such services, and in that way earned by her, or a sufficiency thereof, in the erection of a dwelling upon a tract of land which he owned, and that the dwelling and land should be the sole and separate property of the wife, and he would convey it to her by

a deed. It was further alleged by the defendant, that, in accordance with such agreement, the wife did clerical work in the office of her husband and acted as assistant for him for a number of years, and in addition thereto performed all the duties of housekeeping and looking after and giving attention to her domestic affairs, and rendered to him all the duties and obligations of a wife; that the husband erected a dwelling on the tract of land, and paid for it from the earnings of the wife, and after completion thereof agreed to convey the tract of land with the dwelling to her by deed, but that he became suddenly and violently ill and died before the execution of the deed; that she went into possession upon the completion of the dwelling, and so remained until his death and afterwards. The defendant claimed that the property belonged to the wife, and prayed that the contract be specifically performed, and that the plaintiff, as administrator of the deceased husband, be required to execute to the defendant a deed conveying the land in controversy. On the trial a verdict was rendered for the plaintiff. A motion for a new trial was made, which was overruled, and the defendant excepted.

Several rulings are complained of in the motion for a new trial, but as the case is controlled by a single point, we deem it unnecessary to discuss them in detail. While the evidence on behalf of the defendant showed certain statements made by the deceased husband to or in the presence of witnesses, to the effect that he built the house on the land with the proceeds of the work of his wife, and references to it as hers, and other similar statements, it nowhere disclosed any such contract as that set up by the defendant. It neither showed that the husband contracted to pay the wife for her services, nor that he relinquished his marital right with reference to them, nor that he agreed to make her a deed, nor that she was in possession adversely to him while the family lived in the house, nor that either verbally or in writing he ever distinctly agreed that any particular land belonged to her or should be conveyed to her. Although there was evidence as to general expressions on his part as above mentioned, there was an entire failure to make out the contract on which the defendant relied, and on which the prayer for specific performance was based. This being the case, a verdict for the plaintiff was inevitable; and whether all the rul-

39

ings complained of were strictly accurate or not, no other verdict could have been rendered, and a new trial was properly refused.

*Judgment affirmed. All the Justices concur.*