## CHANDLER v. CHANDLER et al.

Where a wife brings suit against her husband for alimony alone, and no suit for divorce is pending, and no schedule of the husband's property is filed, it is not error on the trial of the case, in which an ancillary proceeding has been filed subsequently to the filing of the alimony suit, to cancel a deed executed by the husband to his sister, to refuse to give in charge to the jury Civil Code § 2955.

No. 4917. NOVEMBER 18, 1925.

Husband and Wife 30 C. J. pp. 1089, n. 80; 1094, n. 33.

Petition for alimony, etc.　Before Judge Hodges.　Oglethorpe superior court.　May 4, 1925.

*Rupert A. Brown* and *Joel Cloud,* for plaintiff.

*Tutt & Brown* and *Hamilton McWhorter,* for defendants.

HILL, J.　Mrs. Bessie Chandler brought suit against her husband, J. F. Chandler, for alimony, alleging in her petition that she and her husband were living in a bona fide state of separation, and that no action for divorce was pending between them.　No schedule of property of the husband was set out in the original petition, and the plaintiff prayed that a part of the earnings of the defendant be awarded to her and her minor children as alimony.　The petition was filed on September 29, 1923.　On October 1, 1923, before the defendant was served with a copy of the pending suit for alimony, the defendant executed a deed, which was recorded, conveying ·to his sister, Miss M. E. Chandler, certain described lands.　Subsequently, on October 19, 1923, after the record of the deed from the defendant to his sister, the plaintiff filed what was called an ancillary petition against her husband and Miss M. E. Chandler, alleging that the deed from J. F. Chandler to his sister was fraudulent, without consideration, and void, and praying that it be set aside and canceled; and also praying for injunction, receiver, etc. The defendants, J. E. Chandler and Miss M. E. Chandler, filed an answer to the petition as amended, and averred that the deed from the plaintiff's husband to Miss M. E. Chandler was made bona fide upon a valuable consideration, and was without any notice or knowledge of the pending suit for alimony.　On the trial of the case the jury returned a verdict awarding alimony to the children of the plaintiff, and failed to find alimony for the wife; and the verdict was in favor of the defendants upon the issue raised by the ancillary petition and the answer thereto.　The plaintiff made a motion for a new trial on the usual general grounds and four amended grounds.　The motion was overruled, and the plaintiff excepted.

The controlling question in the case is raised in the first and third grounds of the amended motion for new trial (the only grounds argued by the plaintiff), which assign error on the refusal by the court of a written request to charge as follows: " 'After a separation, no transfer by the husband of any of the property, except bona fide in payment of pre-existing debts, shall pass the

title so as to avoid the vesting thereof according to the final verdict of the jury in the cause.' This section of the code charged every transfer by the husband of his property, except bona fide in payment of pre-existing debts, made after the institution of the suit, subject to the wife's claim for alimony; and if you should find that the husband, or defendant, was the owner of any property at the commencement of this suit, and that such property has been scheduled by the wife or plaintiff in her petition, and that subsequently to the institution of the suit the husband undertook to convey the described property to his sister, this conveyance made by the husband to his sister must have been made bona fide in payment of pre-existing debts, in order to vest the title in the sister, freed of the claim for alimony of the wife and children. If she did not take this property in payment of pre-existing debts, she would take it subject to the final verdict and decree to be rendered in this case." The third ground of the motion, without setting out the request to charge embodied in the first ground, refers to it and assigns error on the refusal of the court "to give in charge to the jury the law applicable and pertinent to such issue."

The plaintiff in error insists that the refusal of the court to charge as set out above was erroneous, and argues that section 2955 of the Civil Code prevented any alienation by the husband of his property, whether the suit for alimony be founded upon a pending action for divorce or not. It is argued that the wife is as much entitled to recover alimony and to make the money out of land which has been alienated, in a proceeding for alimony alone, as she would be where a suit for divorce was pending; and that the section of the code which the court failed to give in charge, being a remedial statute, should be given a liberal construction.

We are of the opinion that the court did not err in refusing to charge as requested. The code section (§ 2955), and the case of *Singleton* v. *Close,* 130 *Ga.* 716, 721, 722 (61 S. E. 722), relied upon by the plaintiff, are not in point and are not controlling here. The section relied upon is under "SECTION 2" of the Civil Code, entitled "Of Divorces, And How Obtained," and not under SECTION 3, which is entitled "Of Alimony," which relates to alimony and how it may be obtained by the wife when living separate from her husband. The section relied on (2955) was intended to apply to cases where a proceeding for divorce is pending, and the *Singleton*

case, supra, bears out this view; for it was there held that "Section 2436 of the Civil Code [which is now § 2955],—'After a separation, no transfer by the husband of any of the property, except bona fide in payment of pre-existing debts, shall pass the title so as to avoid the vesting thereof, according to the final verdict of the jury in the cause,'—construed in connection with its cognate sections, does not restrict a transfer by a husband of his property, made bona fide and for value, prior to the institution of a divorce suit, but is operative only on conveyances by the husband made during the pendency of a libel for divorce." It will be observed that the section of the code in question "is operative only on conveyances by the husband made during the pendency of a *libel for divorce.*" This is the law of the case as embodied in the headnote, regardless of what may be said in the body of the opinion by way of argument. And § 2954 of the code, which immediately precedes the section under consideration, provides that "In all suits for divorce, the party applying shall render a schedule, on oath, of the property owned or possessed by the parties at the time of the application," etc.; and this section further provides that "the jury rendering the final verdict in the cause may provide for alimony," etc. It is only in *suits for divorce* that a final verdict can be rendered. In an alimony case only one verdict is necessary; whereas in a divorce case two verdicts are necessary. And following the section above referred to is § 2955, which provides against alienation of property by the husband, and then follows § 2956, which declares that the verdict of the jury shall specify the kind of divorce granted and the disposition to be made of the scheduled property. Thus it will be seen that all of these sections refer to cases where a *divorce proceeding* is pending; and we know of no provision of the law which provides for the filing of a schedule of property in a suit for alimony alone, pending separation of the husband and wife. In the present case no divorce proceeding was instituted, and no schedule of property was filed as contemplated by the statute in *divorce cases.*

From the foregoing we conclude that the trial judge did not err in refusing to give in charge to the jury Civil Code § 2955.

*Judgment affirmed.    All the Justices concur.*