## Wood v. Wood et al.

HINES, J. 1. When husband and wife are living separately, or are bona fide in a state of separation, and there is no action for divorce pending, the wife may, in behalf of herself and her minor children, institute a proceeding by petition setting forth fully her case; and upon three days notice to the husband, the judge may hear the same in term or vacation, and grant such order as he might grant were it based on a pending libel for divorce, to be enforced in the same manner, together with any other remedy applicable in a court of equity, such as appointing a receiver and the like; and should such proceeding proceed to a hearing before a jury, they shall decree as provided in section 2985 of the Civil Code for such cases, but such proceeding shall be in abeyance when a libel for divorce shall be filed bona fide by either party, and the judge presiding shall have made his order on the motion for alimony, and when so made such order shall be a substitute for the aforesaid decree in equity, as long as said libel shall be pending and not disposed of on the merits.    Civil Code, § 2986.

2. Marriage imposes upon a husband the legal obligation to provide means for the maintenance of his wife; and his abandonment of her, and his wilful failure to provide for her maintenance and support, creates a liability on his part to the wife, which is a lawful demand, and which, when legally enforced, is called alimony.    *Forrester* v. *Forrester*, 155 *Ga.* 722 (118 S. E. 373, 29 A. L. R. 1363).

3. Where plaintiff and her husband separated on September 15, 1923, and on that date the husband executed and delivered to his son a deed to a house and land where he and his wife had resided, the same constituting all of his visible property, with or without consideration, which deed was made and accepted to enable the father to put his property beyond the reach of any claim which his wife might have for support and alimony, the wife could maintain a petition in equity against the father and the son, in which she sought to recover temporary and permanent alimony, to cancel the deed, and to have a receiver appointed to take charge of the property so conveyed, and apply the rents thereof to her claim for alimony.    *Gray* v. *Gray*, 65 *Ga.* 193; *Parker* v. *Parker*, 148 *Ga.* 196 (96 S. E. 211); *Donalson* v. *Bridges*, 162 *Ga.* 502 (134 S. E. 302).    The wife can maintain such proceeding notwithstanding the fact that no divorce proceeding and no suit for temporary or permanent alimony was pending at the time of the execution of said deed.    *Chandler* v. *Chandler*, 161 *Ga.* 350 (130 S. E. 685).

4. In view of the above rulings, the petition set forth a cause of action against the husband and his son; and the court erred in sustaining the general demurrer.

5. A stepfather, as such, is not under obligation to support the children of his wife by a former marriage; but if he takes the children into his family or under his care in such a way that he places himself in loco parentis, he assumes an obligation to support them, and likewise a correlative right to their services. Where, however, the stepfather and his wife separate, and the stepfather no longer keeps a minor daughter of his wife under his care, he is no longer under obligation to support such minor child; and in an application for alimony the wife will not be en-

titled to recover alimony for and on account of such minor child who had previously lived with the stepfather as a member of his family before he and his wife separated. *Brown* v. *Sockwell*, 26 *Ga.* 380, 387; *Marshall* v. *Macon Sash &c. Co.*, 103 *Ga.* 725 (30 S. E. 571, 41 L. R. A. 211, 68 Am. St. R. 140); 20 R. C. L. 594, § 10, and note 1. While under the above ruling section 17 of the petition was subject to demurrer and should have been stricken, this did not authorize the court below to sustain a general demurrer to the petition as a whole and dismiss the same.

6. Under the Civil Code (1910), § 3416, the existence of facts necessary to constitute a valid exemption need not affirmatively appear from the face of the schedule of exempt property filed with the ordinary, but such facts must actually exist. *Kimsey* v. *Rogers*, 166 *Ga.* 176 (142 S. E. 667).

(*a*) It not affirmatively appearing from the schedule that the house and land embraced therein exceeded in value $500 when the schedule was filed, and it affirmatively appearing from the petition in this case that the same was about of the value of $400, we can not say as a matter of law that the exemption of this property was void for the reason that the value of the house and land embraced in the schedule, and situated in a village, exceeded in value said amount at the time the schedule was filed, notwithstanding the allegation of the petition that the property exempted, consisting both of the house and land, and personalty, cost $700, and notwithstanding the fact that the deed from the father to the son, which the wife seeks to have canceled, purports to be based upon an alleged consideration of $700, the petition alleging that said deed was in fact without any valuable consideration, and it further appearing that the same was executed some time after the schedule was filed.

(*b*) Even if the homestead was void, so far as the house and land are concerned, for the reason that their value exceeded $500 at the time the schedule was filed, this fact would not render the petition subject to general demurrer; the plaintiff, while alleging the existence of the homestead, not asserting any rights thereto under her petition in this case.

7. While, as a general rule, all demurrers should be filed at the first or return term of the court, yet in actions at law or in equity, when a declaration does not set forth a cause of action, a demurrer, or an oral motion to dismiss the case in the nature of a general demurrer, may be filed at any time before the verdict. *Kelly* v. *Strouse*, 116 *Ga.* 872 (43 S. E. 280). Grounds of special demurrer to a petition are not good unless set forth in writing and filed at the first term. *Calhoun* v. *Mosley*, 114 *Ga.* 641 (2) (40 S. E. 714).

*Judgment reversed. All the Justices concur.*

No. 6513. JUNE 13, 1928.

Equitable petition. Before Judge Yeomans. Seminole superior court. February 20, 1928.

Maggie Wood filed her petition against W. T. Wood and William E. Wood, and made the following allegations: Petitioner and W.

T. Wood were married in 1915, and have been husband and wife since that time. William E. Wood is a son of W. T. Wood by a former marriage. Petitioner has one child, Ruby, 14 years of age, by a former marriage. Petitioner and her husband lived together as husband and wife until some time during 1925, when he deserted her, and has since refused to contribute anything to her support and that of her child. Her husband is an able-bodied man about 75 years of age, and is capable of earning a support for her and her child. Petitioner and her husband lived in Fort Myers, Florida, until the year 1921, when he sold his home in that place for $2500 cash, and removed to Iron City, Ga., where he purchased a small house and 5.54 acres of land, now worth about $400. On January 12, 1922, her husband, as the head of a family consisting of himself, petitioner, and her minor child, filed with the ordinary of the county a schedule of property claimed to be exempt from levy and sale, for the use and benefit of his wife and family, under section 3416 of the Code. The schedule embraced a described house and 5-½ acres of land in Iron City, known as the Burkhalter place, and certain items of personal property. Her husband paid about $700 for said property, and has never to her knowledge spent or invested the remainder of said $2500. In Florida it was necessary for plaintiff also to sign the deed to said property located in Fort Myers; and as a consideration for her doing so, her husband agreed to invest said money or a portion of the same in a home for plaintiff, and said exemption was set apart for said purpose. On September 15, 1923, without any order of any court, and without her knowledge, plaintiff's husband executed to his son, William E. Wood, of Cook County, Illinois, a warranty deed to said house and land, reciting a consideration of $700, which deed petitioner alleges was without legal consideration, and was made for the purpose of avoiding the support of her and her child, and in fraud against her rights and interest in said property. .

Said deed is void and should be delivered up and canceled. Her husband has concealed from her his cash money and all his other assets, and she is therefore unable to attach a schedule of them. She performed her duties faithfully and affectionately as a wife, and gave to her husband no cause to desert and abandon her and her child and drive them away without any money or property to go upon. She has no trade, profession, or calling, no money or

property, and no means of supporting herself and child and furnishing to the child necessary educational advantages; and it is the legal duty of her husband to support plaintiff and her child and supply necessary educational advantages to the child. Petitioner is legally entitled to both temporary and permanent alimony for the use of herself and her child. Her husband, having so disposed of and hidden his property, and having told her that he would no longer live with her as her husband, having no children or loved ones or attachments in this State, would absent himself from the jurisdiction of this court, and will not be personally present to answer to such judgment and decree as may be rendered, unless the writ of ne exeat issues. The prayers are, for cancellation of the deed, for alimony permanent and temporary, with a special lien therefor on the house and lot, for ne exeat, for receivership of the property, etc.

William E. Wood demurred to the petition, upon the grounds, (1) that it was filed on February 22, 1927, that the deed from his father to him was executed on September 15, 1923, that petitioner did not separate from her husband until 1925, that if it were true that the deed from his father to him was without any consideration but was a voluntary conveyance, it would be binding in law upon the plaintiff and his father, for the reason that the deed passed the title into him, and there was no suit for divorce or alimony pending at the time of the execution and delivery of this deed, and petitioner and her husband were not then living in a bona fide state of separation; and that for these reasons the petition shows no cause of action against him; (2) that the petition fails to set forth any cause of action against him, because it is not alleged that the property described in the deed was scheduled as the property of the husband, and not alleged that a divorce proceeding was pending at the time of the execution of said deed; and because it is not alleged that the suit for temporary or permanent alimony was pending at the time of the execution of said deed; (3) that the conclusion of law in the allegation that it was the duty of the husband to educate and furnish the necessaries of life to a stepchild by the plaintiff should be stricken.

By amendment the plaintiff alleged that William E. Wood knew the purpose of the making of said deed, and that the same was made and accepted by him in order to assist his father in putting said

property beyond the reach of any claim that plaintiff may have for support; that plaintiff and her husband separated on September 15, 1923, and remained in a bona fide state of separation for several months before being reconciled; and that petitioner did not know of the existence of said deed until after said reconciliation. The defendant demurred to the petition as amended, upon the grounds that it does not set out a cause of action against him, because the plaintiff undertakes to rely upon the homestead attacked, and also to have the deed declared void, and does not allege upon which cause of action she is relying; and because the amendment does not set out any facts clearly and definitely that will authorize the cancellation of the deed. The judge sustained the original demurrer of William E. Wood, and dismissed the case as to him. · To this judgment petitioner excepted.

*P. D. Rich,* for plaintiff.   *W. I. Geer,* for defendants.