240

CITIZENS & SOUTHERN NATIONAL BANK, guardian, *v.*
COOK.

No. 10849.   MARCH 26, 1936.

*Abram Levy,* for plaintiff in error.   *Pierce Brothers,* contra.

ATKINSON, Justice.   Lillie B. Cook instituted an action against
the Citizens and Southern National Bank as guardian of the prop-
erty of Andrew B. Cook.   The petition as amended alleged sub-
stantially as follows:   Lillie B. Cook, a widow sixty-eight years
of age, is without means of support, and is now and has for some-
time been dependent entirely upon her son, Andrew B. Cook, for
support and maintenance.   She has no other child, male or female,
adult or infant, who has the means or ability of rendering her aid
or support in her now present condition.   Andrew B. Cook is a
World-War veteran, adjudged incompetent, and is a patient at the
U. S. Veterans' Facility at Augusta, Georgia.   The Citizens and
Southern National Bank was appointed, and duly qualified, as
guardian of the property of Andrew B. Cook under the act of the
General Assembly approved August 5, 1929 (Ga. L. 1929, p. 248),
and as such guardian received from the U. S. Veterans Adminis
tration compensation for said ward, in the sum of $100 per month.
This award is based on the fact that Lillie B. Cook is dependent
for support upon her son, Andrew B. Cook.   Without a dependent
mother Andrew B. Cook's allowance or compensation would be $15
per month.   The estate of Andrew B. Cook could reasonably afford
an allowance of $75 a month as support for the dependent mother;
and unless she be sustained and supported out of the estate of
Andrew B. Cook, she will be a charge upon Richmond County,
Georgia.

The defendant demurred to the petition on the ground that it
sets out no cause of action and no matter or thing of equity juris-

diction; that section 23-2302 of the Code of 1933, relied on in the petition, is a provision first adopted in the Code of 1863, and is in derogation of the common law, because at common law a child was not liable for the support of a parent; that the liability set out in this section can be enforced only in the mode and under the circumstances pointed out by the section, that is, by a county when it has furnished provisions for the support of the parent; and that the liability set out in the section does not extend beyond the right of the county to recover, and so affords the parent no right of action against the child for support. The demurrer was overruled. The case was submitted to the judge on an agreed statement of facts conforming to the allegations of the petition hereinabove set forth. The judge rendered the following judgment: "It is considered, ordered, and decreed that the plaintiff, Lillie B. Cook, do have and recover of the defendant, the Citizens and Southern National Bank in its representative capacity as guardian of the property of Andrew B. Cook, for her support and maintenance the sum of seventy-five ($75.00) dollars a month; said amount to be paid out of the compensation received by said guardian from the U. S. Veterans' Administration for its said ward, Andrew B. Cook, and said support is to commence as of the first day of February, 1935, and to continue for and during each and every month thereafter as long as the said plaintiff is dependent on her said son, Andrew B. Cook, and as long as the said the Citizens and Southern National Bank as guardian aforesaid receives the extra compensation for its said ward from the U. S. Veterans' Administration." The defendant moved for a new trial on the general grounds. The motion was overruled, and the defendant excepted. Error was assigned also on the judgment overruling the demurrer.

1. "The father, mother, or child of any pauper contemplated by the preceding section, if sufficiently able, shall support such pauper. Any county having provided for such pauper upon the failure of such relatives to do so may sue such relatives of full age and recover for the provisions so furnished." Code of 1933, § 23-2302. Considering this section in connection with cognate sections, the words "any pauper contemplated by the preceding section," refer to one who is completely destitute. *Clark* v. *Walton*, 137 *Ga.* 277, 279 (73 S. E. 392). A destitute mother being a pauper within

the meaning of § 23-2302, and having a son of sufficient ability to support her, has a right to such support from the son.

2. "For every right there shall be a remedy, and every court having jurisdiction of the one may, if necessary, frame the other." Code of 1933, § 3-105. Where the destitute mother has the right to a support from her son, as indicated in the preceding note, a court of equity may provide a remedy to enforce the right. Applying the foregoing principles, the judge did not err in overruling the general demurrer to the petition.

3. The motion for new trial, complaining of the judgment by the court to whom the case was submitted under an agreed statement of facts, involved only the principles that were controlling on demurrer; and the attorney for the plaintiff in error, in his briefs in the Supreme Court, discussed only the grounds of demurrer. In these circumstances the assignments of error on the judgment refusing a new trial are treated as abandoned.

*Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*