BOWEN *et al. v.* BOWEN.

.No. 10930. March 31, 1936.

*Westbrook & Marlin,* for plaintiffs in error.

*E. L. Forrester, Leonard Farkas,* and *Walter H. Burt,* contra.

Beck, Presiding Justice. Mrs. Gussie Bowen filed her petition against Willis Bowen and Henry Hall, in which she made the following allegations: She is the divorced wife of Bowen. In November, 1933, her suit for divorce and alimony resulted in a decree allowing her as alimony a certain storehouse and the lot on which it stands, in Smithville, Lee County. Bowen is in possession, control, and management of said property, collecting the rents and profits therefrom, and is appropriating them to his own use, and he declines to recognize petitioner's rights thereto. In 1929 several years before the divorce and alimony proceedings, Bowen executed deeds conveying to Hall various parcels of real estate, including the storehouse property which was awarded to petitioner as alimony, and simultaneously took from Hall deeds reconveying the same to Bowen. The making of these deeds was a mere scheme or device to throw a cloak around the title to said property, whereas in reality the true title and equitable interest had at all times remained in Bowen until the same was awarded to her as alimony, and he has never relinquished his possession and control. Hall is the brother-in-law of Bowen, who executed the deeds to Hall and had them recorded, and at once took from Hall reconveyances to himself, but kept these latter deeds off the record for the purpose of concealing the real ownership, so as to defeat the claims of his creditors. Petitioner prayed that defendants be compelled to account to her for all rents and profits from the storehouse property from the date of the decree awarding it to her as alimony; that a decree be entered adjudicating that defendants have no estate or interest in said property; and that defendants be enjoined from asserting any claim thereto, and from interfering with petitioner or her tenant in the enjoyment of the same; and that a receiver be appointed to take charge of this property until the rights and interests of the parties are finally determined. The defendants filed

their answer denying all allegations as to fraud, and averring that the transactions between Bowen and Hall were valid and were made for a valuable consideration. The defendants also demurred to the petition on general and special grounds. Upon the hearing the court appointed a receiver to take charge of the storehouse property which was awarded to the petitioner as alimony, and to collect and hold the rents therefrom until further order of the court. The defendants excepted.

■ Where a married man by deed conveyed to another person certain described real estate, and such conveyance was made for the purpose of defeating creditors of the grantor, and this was known to the grantee, and the wife of the grantor subsequently brought divorce proceedings against him and obtained a decree of divorce and an award as permanent alimony, a part of the alimony being one of the lots conveyed by the deed above referred to, the wife could maintain an equitable suit against the husband and the grantee in the deed, to have canceled and set aside the deed which conveyed the lot and the building thereon awarded to her as alimony; and there was no such privity between the husband and the wife as would prevent her bringing this suit. *Wood* v. *Wood,* 166 *Ga.* 519 (143 S. E. 770). While the case of *Wood* v. *Wood,* supra, differs from the instant case in that the husband and wife were separated at the time the deed there involved was made, and it is alleged that the husband executed the deed to enable him to put his property beyond the reach of any claim which his wife might have for support and alimony, and the grantee in the deed knew this, whereas in this case there is no allegation that the deed was executed to prevent the wife from obtaining alimony out of the property, nevertheless it was in principle held that there was no such privity between the wife and the husband as would prevent her bringing the suit. For if the deeds in this case were executed for the purpose alleged, and the grantee knew of this purpose, there was no title to the real estate in the latter that could withstand an attack by one having a claim against the property.

■ If the wife was entitled to have the deeds from the husband declared null and void for the reasons appearing above, and the grantee in the deeds, or the grantor as his agent, was in possession of the property and collecting the rents and refusing to deliver possession to the wife, she was entitled to have a receiver appointed

at an interlocutory hearing, to take possession and hold the property subject to her rights as they might appear on the final trial.

■ If the wife at the time of the making and delivery of the deeds first referred to above, which, according to the allegations, were made to defeat creditors, participated in the fraudulent scheme and colluded with her husband, she would be estopped from maintaining a suit to have the deeds canceled.

■ When the affidavit of the wife in this case was read, the defendants' attorney objected to the statement therein that Willis Bowen, the husband of plaintiff and one of the defendants in this case, "told the deponent, his wife, that in order to avoid the payment of such judgment as might be rendered against him in a suit pending against him by the State Banking Department of Georgia, for approximately $25,000, he intended to make a fake conveyance of all of his property to his brother-in-law, Henry Hall." The objection was on the ground that the testimony stated a privileged communication between husband and wife. The court did not rule out the evidence, and considered it in rendering the judgment. While it was error to admit this part of the affidavit, the evidence contained therein, when considered in connection with the other evidence, was not of such vital and controlling character as to require a reversal of the judgment appointing a receiver on interlocutory hearing. *Southern Cotton-Oil Co.* v. *Overby,* 136 *Ga.* 69 (2) (70 S. E. 664).

■ What was said by the husband to the other defendant, the grantee in the deeds alleged to be fraudulent, in the presence of the wife, was not a privileged communication, and was admissible.

■ Under the rulings stated above, the court did not err in overruling the general demurrer to the petition; nor was there material error in ruling on the special demurrers, or in appointing a receiver. *Judgment affirmed. All the Justices concur, except*

Gilbert, Justice, dissenting. ■ I dissent from the first ruling. The deed it was sought to cancel, on the ground that it was made to hinder, delay, and defraud creditors, was executed on February 19, 1929. The present suit by the wife against her husband, the grantor in that deed, was filed more than three years thereafter. In *First National Bank of Cartersville* v. *Bayless,* 96 *Ga.* 684 (23 S. E. 851), it was held: "A gift by a debtor insolvent at the time is void as to his then existing creditors, whether

made for the purpose of defrauding them or not; but a gift by such a debtor is not void as to a person who subsequently becomes his creditor, unless at the time of making the gift there was an actual intention on the part of the debtor to afterwards obtain credit from and defraud that person, and the gift was made in whole or in part for the purpose of accomplishing this result." That case has been cited numerous times subsequently. I do not think that under the facts of this case the wife can maintain a suit to cancel the deed of her husband, although made to hinder, delay, and defraud then existing creditors, especially so where she was present and knew all of the facts at the time. The property was subsequently reconveyed to the husband. The effect of this deed is not herein considered.

I also dissent from the fourth ruling. Error is assigned on the admission of evidence tending to show confidential communications between the husband and the wife. I do not think that *Southern Cotton-Oil Co.* v. *Overby,* supra, is authority for such ruling. In that case complaint was made that the judge presiding at the interlocutory hearing, no jury being concerned, expressed an opinion. This was held to be harmless. This is naturally so because the judge who expressed the opinion was also to decide the issue.