19049.  ROACH *v.* ROACH *et al.*

Submitted September 12, 1955—Decided November 14, 1955.

*Clower & Anderson,* for plaintiff in error.

*Fullbright & Duffey,* contra.

WYATT, Presiding Justice. 1. In so far as the petition seeks to recover one-half, or some other portion, of the real estate here involved or to impress such real estate with a trust, upon the theory that it was purchased in part out of the separate estate of the wife, the petition fails to set out a cause of action because it

is not alleged that any definite portion of the purchase price was paid by her out of her separate estate. See *Lane* v. *Lane,* 149 *Ga.* 581 (101 S. E. 582); *Mitchell* v. *Rawls,* 130 *Ga.* 608 (61 S. E. 475); and *Mock* v. *Neffler,* 148 *Ga.* 25 (95 S. E. 673).

2. The petition in the instant case also seeks to cancel the deeds conveying the property alleging that the defendants conspired together to fraudulently remove the said property from the reach of any claim for support and alimony on the part of the petitioner and her minor children. It is admitted that the provisions of Code (Ann.) § 30-112 are not applicable to the facts here involved because the conveyances were made before any bona fide separation occurred. The suit is purely an equitable one to prevent J. Sylvester Roach, Jr., from disposing of his property to defeat the claim of petitioner to support and alimony. Such a suit can be maintained.

In *Wood* v. *Wood,* 166 *Ga.* 519 (143 S. E. 770), this court said: "Where plaintiff and her husband separated on September 15, 1923, and on that date the husband executed and delivered to his son a deed to a house and land where he and his wife had resided, the same constituting all of his visible property, with or without consideration, which deed was made and accepted to enable the father to put his property beyond the reach of any claim which his wife might have for support and alimony, the wife could maintain a petition in equity against the father and the son in which she sought to recover temporary and permanent alimony, to cancel the deed, and to have a receiver appointed to take charge of the property so conveyed, and apply the rents thereof to her claim for alimony. *Gray* v. *Gray,* 65 *Ga.* 193; *Parker* v. *Parker,* 148 *Ga.* 196 (96 S. E. 211); *Donalson* v. *Bridges,* 162 *Ga.* 502 (134 S. E. 302). The wife can maintain such proceeding notwithstanding the fact that no divorce proceeding and no suit for temporary or permanent alimony was pending at the time of the execution of said deed. *Chandler* v. *Chandler,* 161 *Ga.* 350 (130 S. E. 685)." See also *Stephens* v. *Stephens,* 168 *Ga.* 630 (148 S. E. 522).

In *First National Bank of Cartersville* v. *Bayless,* 96 *Ga.* 684 (1) (23 S. E. 851), this court said: "A gift by a debtor insolvent at the time is void as to his then existing creditors, whether made for the purpose of defrauding them or not; but a gift by

such a debtor is not void as to a person who subsequently becomes his creditor, unless at the time of making the gift there was an actual intention on the part of the debtor to afterwards obtain credit from and defraud that person, and the gift was made in whole or in part for the purpose of accomplishing this result." In the instant case the petition alleged that the conveyance was made without consideration and for the expressed purpose, known to both grantor and grantee, of defeating any judgment the wife might obtain for alimony.

In *Odom* v. *Odom*, 36 *Ga.* 286 (3), this court said: "Where the defendant, shortly before the separation between him and his wife, had transferred his property by deeds of conveyance to his children by a former marriage: *held*, that the deeds were admissible in evidence, for the purpose of showing, in connection with other evidence, that the transfers of the property were made with a fraudulent intent." This ruling was made in a divorce and alimony case, and the evidence could have been admitted for no other purpose than to fix the right of the wife to recover alimony out of the property fraudulently conveyed before the separation and before any suit for alimony had been filed.

In *Bowen* v. *Bowen*, 182 *Ga.* 299 (1) (185 S. E. 312), where it appeared that the husband had conveyed his property to another before any separation had occurred between him and his wife for the purpose of defeating the claims of certain creditors, and in a suit for alimony subsequently brought, the property was set aside to the wife and children as alimony, the wife some three years later filed suit to cancel the alleged fraudulent deed. This court held that the petition to set aside the deed was not subject to demurrer.

We have examined *Wallace* v. *Wallace*, 189 *Ga.* 220 (5 S. E. 2d 580), and have reached the conclusion that this case is not in conflict with the ruling in the instant case, but on the contrary, sustains the ruling here made. In the *Wallace* case, the wife in a suit subsequent to the alimony judgment was attempting to have property allegedly belonging to the husband set apart to her to guarantee the payment of the judgment for alimony, to have certain deeds executed by the husband before the alimony judgment was rendered canceled, and to declare that the alimony judgment was a lien against the property of the husband. The opinion,

44

after pointing out that the jury saw fit to allow the wife alimony at a stated sum per month instead of awarding her property, and had not provided that the judgment should be a lien against the property of the husband, that the husband was not in arrears in his payments and had not refused or threatened to refuse to make his alimony payments, held that she was attempting to "revise and annul" a permanent-alimony verdict, which could not be done. The opinion further held that the wife had no standing in a court of equity, since the husband had not failed to make his payments in accordance with the verdict and judgment and had not threatened to fail to do so, and therefore the wife showed no injury.

In the body of the opinion this language is used: "We concede that a party may make a conveyance with actual intent to defraud a future creditor or to defeat a debt which though contemplated is not yet in actual existence. . . Unless, however, the creditor is hurt by the fraudulent conveyance, relief will be denied." In the instant case, the petition fully meets this requirement.

If, as is alleged in the instant case, a husband can in contemplation of a separation from his family, fraudulently convey to one who colludes with him for that purpose, and remains in full possession and enjoyment of the property, but nevertheless put the property beyond the reach of any judgment for alimony for the support of his wife and children, the highest obligation the law places upon him—then equity simply does not mean equity. We find no case in which a court of equity has permitted this to be done, and we believe and trust that no court of equity will ever put its stamp of approval upon any such transaction.

In the instant case, the allegations of the petition, under the authorities above cited, are sufficient to state a cause of action to cancel the deeds in question, upon the theory that they were fraudulently made and accepted for the purpose of defeating any alimony claim or claim for support by the wife and minor children. The crucial question is whether or not the deeds were fraudulently made and accepted for the purpose of defeating the claim of the wife and minor children for support and alimony.

It follows, the judgment of the court below sustaining the general demurrer to the petition and dismissing these defendants from the case was error.

*Judgment reversed.  All the Justices concur.*