20641. DAVENPORT *v.* DAVENPORT, *et al.*

Submitted September 17, 1959—Decided October 13, 1959— Rehearing denied November 4, 1959.

498

*Oze R. Horton,* for plaintiff in error.

*Cecil D. Franklin,* contra.

HEAD, Justice.   Code § 23-2301 provides: "No person shall be entitled to the benefits of the provision for the poor who is able to maintain himself or herself by labor or who has sufficient means.   In cases where females are unable to maintain themselves and the helpless children they may have, they may be aided to the extent required in the furnishing of food, clothing, or shelter."   Code § 23-2302 provides: "The father, mother or child of any pauper contemplated by the preceding section, if sufficiently able, shall support such pauper.   Any county having provided for such pauper upon the failure of such relatives to do so may sue such relatives of full age and recover for the provisions so furnished."

The petitioner in the present case brings her action under the provisions of § 23-2302, and relies on *Citizens & Southern Nat. Bank* v. *Cook,* 182 *Ga.* 240 (185 S. E. 318), in which that section was cited, wherein this court held: "Where the guardian of a World-War veteran adjudged incompetent received from the U. S. Veterans Administration $100 per month as compensation for the ward, this amount being based on the fact that his mother was dependent on him for support, and that without such dependent the amount would be $15 per month, a decree awarding to his mother (a widow of sixty-eight years and without other means of support and maintenance) $75 per month from the $100, as long as it should be so received and during her dependency, was legal."   The facts indicated in this ruling from *Citizens & Southern Nat. Bank* v. *Cook,* supra, clearly show that it has no application to the present case.

The petitioner alleges that she is the legal wife of William Luther Davenport, Sr., one of the defendants, that he abandoned her in 1948, and that he has ample means to support her. "Marriage imposes upon a husband the legal obligation to provide means for the maintenance of his wife; and, if she be separated from him by reason of his misconduct, this creates a responsibility on the part of the husband to provide maintenance and support of the wife in keeping with his ability and suitable to her condition and habits of life while living with him, which is a lawful demand, and which when legally enforced is called alimony. Code §§ 53-508, 53-510; *Jenkins* v. *Jenkins*, 69 *Ga.* 483; *Forrester* v. *Forrester*, 155 *Ga.* 722 (118 S. E. 373, 29 A. L. R. 1363); *Wood* v. *Wood*, 166 *Ga.* 519 (2) (143 S. E. 770)." *Fried* v. *Fried*, 208 *Ga.* 861 (4) (69 S. E. 2d 862).

When a married woman has a husband who is financially able to support her, he is primarily liable for her support. Code § 53-510; *Akin* v. *Akin*, 163 *Ga.* 18 (5) (135 S. E. 402); 70 C. J. S., 106, § 60 (e 3). Since the allegations of the petition show the legal right of the petitioner to have support from her husband, the petition fails to show that she has any legal right of support from her children. However, we do not pass on the question as to whether or not the duty of supporting indigent parents which the law declares to be in adult children with sufficient means (Code § 23-2302 and Code, Ann., § 99-627; Ga. L. 1951, p. 691) might be enforced in such an action as the present one, should it be made to appear that the duty of the husband to support the wife can not be enforced.

If the petition in the present case be considered as an action for alimony against the defendant husband, it is not brought in the county of his residence, and the court would be without jurisdiction of the cause. Since the petition failed to state a cause of action against any resident of the County of Fulton, the trial judge properly sustained the general demurrers of the defendants. *Seckinger* v. *Citizens & Southern Nat. Bank*, 213 *Ga.* 586 (100 S. E. 2d 587).

*Judgment affirmed. All the Justices concur.*