### 20978. CARTER *et al.* v. BUSH *et al.*

DUCKWORTH, Chief Justice. This is an equitable action to cancel certain deeds alleged to be a cloud on petitioner's title, the same being allegedly fraudulent conveyances made by a husband to his mother and from his mother to her other sons, without consideration and for the purpose of defeating alimony, and all persons concerned having actual knowledge of the purpose for which the deeds were executed, and the petitioner having thereafter derived her title by court decree in the divorce and alimony case. The alimony decree was an in rem judgment against the property, part of which was in the possession of the wife at the time of the decree, the defendant having absconded and concealed himself without the State to avoid personal service, and service being obtained by publication. The petition as amended prayed for a judgment in rem against the real property of the defendant within the jurisdiction of the court. General demurrers were filed to the petition as amended, and, after a hearing, overruled. The exception is to that judgment. *Held:*

1. While the general rule is that a petitioner, in order to maintain an action to remove a cloud on his title, must allege

and prove possession in himself, yet an exception to this rule exists when the alleged deeds sought to be canceled were obtained by fraud or other illegal means. *Gilmore v. Hunt,* 137 Ga. 272, 275 (73 S. E. 364); *Mentone Hotel & Realty Co. v. Taylor,* 161 Ga. 237 (130 S. E. 527); *Oglesby v. Oglesby,* 198 Ga. 864 (32 S. E. 2d 906); *Burton v. Hart,* 206 Ga. 87 (55 S. E. 2d 594). The equitable petition, alleging fraudulent conveyances to avoid a judgment of alimony, where the grantees had knowledge of a pending divorce action and no valuable consideration passed, states facts which bring this petition within the exception stated above.

2. A wilful failure to provide for the maintenance and support of a wife and children creates a lawful demand which, when legally enforced, is called alimony. *Forrester v. Forrester,* 155 Ga. 722 (118 S. E. 373, 29 A. L. R. 1363); *Wood v. Wood,* 166 Ga. 519 (143 S. E. 770). Thus, as alleged in the petition, the wife was a creditor within the meaning of *Code* §§ 28-101, 28-102, 28-103, 28-104, and 28-201 at the time of the conveyances which are alleged to have been made to defeat her claim for alimony, although no alimony judgment had been rendered at the time of the conveyances. It would be inequitable and unjust not to allow her to maintain this action because she elected to obtain a judgment in rem against her husband's property where she was unable to obtain personal service where he wilfully concealed himself to avoid it.

3. The alimony judgment obtained was in rem against the real property of the nonresident or concealed husband, in which the amended petition prayed specifically for a judgment against the property, and such judgment is conclusive upon everyone. *Code* § 110-502; *Forrester v. Forrester,* 155 Ga. 722, supra. Hence the demurrer alleging lack of jurisdiction of the res is without merit. Thus, whether or not the defendant in the alimony case had title whereby the wife could receive title by court decree, depends, not upon the judgment in rem, but on the allegations as to the fraudulent conveyances in this case. The court did not err in overruling the demurrers to the petition as amended. *Wood v. Wood,* 166 Ga. 519, supra; *Bowen v. Bowen,* 182 Ga. 299 (185 S. E. 312); *Roach v. Roach,* 212 Ga. 40 (90 S. E. 2d 423).

*Judgment affirmed. All the Justices concur.*

Submitted September 12, 1960—Decided October 11, 1960— Rehearing denied October 25, 1960.

*Hugh D. Wright, Whelchel & Whelchel,* for plaintiffs in error.
*R. S. Roddenbery, Jr., Wm. H. Riddlespurger,* contra.