25401. CRANE, by Guardian, et al. v. CRANE.

ARGUED SEPTEMBER 11, 1969—DECIDED SEPTEMBER 29, 1969.

*Jean Wm. Levy,* for appellants.
*William G. McRae,* for appellee.

FELTON, Justice. The parties stipulated the following facts: that plaintiff was born in October, 1920, the legitimate son of A. C. Crane and Nellie Crane; the father and mother of plain-

tiff were divorced in July, 1927; the divorce decree made no reference to the support or custody of Roy C. Crane, who was then six years of age; plaintiff always stayed with his mother, except during the time when he was married, when he was in the army and when he was in hospitals as hereinafter stipulated; that plaintiff was inducted into the Army of the United States on September 22, 1942, at Fort McPherson, Georgia, and was honorably discharged on April 14, 1943; that prior to his entry into the army, plaintiff was employed by the defendant as an auto wrecking company employee; that after his discharge from the army, plaintiff worked for the Georgia Milk Company, the Army Depot at Conley, Georgia, and the Parks Department of the City of Atlanta, the latter employments lasting until the end of World War II; that plaintiff has a social security number; that no demand was made upon defendant by plaintiff or any person on his behalf for his support since 1935; that the March 18, 1968, return of plaintiff's guardian to the Ordinary of Fulton County shows that the net cash income for the preceding twelve months was $1,570.81, the sources of which were Veterans Administration $823.33, Social Security Administration—$708.20, and interest on savings—$39.28; that the corpus of the estate was $1,336.09, consisting of a checking account—$236.09, lot with trailer thereon—$1,000, that plaintiff was first adjudicated to be legally incompetent on October 23, 1956, in the Court of Ordinary of Fulton County, Georgia, and he has since been a patient intermittently at various mental hospitals, being last discharged from Central State Hospital in the custody of his mother in September, 1968, with a notice to his mother that he was being released on convalescent status and that if involuntary rehospitalization should be necessary, procedure under *Code Ann.* § 88-512 (b) would be necessary.

1. We know of no provision of law permitting an application for alimony or child support for the first time after a decree of divorce has been rendered and not set aside, even in favor of a wife or by her on behalf of a minor child, or in favor of the child by his guardian. But even if such a proceeding is permissible the right in an adult child to recover support beyond the age of 21 is barred by *Code* §§ 74-104 and 74-105, which pro-

vide together that a father's obligation to provide for the maintenance, protection and education of his child ceases when the child becomes 21 years of age. There is no exception provided for and this court cannot make any. The General Assembly might conceivably make an exception as to children who are born mentally ill and remain so beyond majority or who become ill later on in life and remain so after reaching majority.

2. There was no right in the child to recover under *Code* § 23-2302 because the child in this case is not completely desti-  tute. *Clark v. Walton,* 137 Ga. 277, 279 (73 SE 392); *Citizens & Southern Nat. Bank v. Cook,* 182 Ga. 240, 241 (185 SE 318).

3. Neither is there a right of recovery under *Code Ann.* § 99-903a (6a), because the evidence demanded the finding that at present he is not likely to become a public charge.

4. *Code Ann.* § 30-301 does not apply to the petitioner here because custody of the plaintiff has not been awarded to any person other than the father of the plaintiff after the rendition of the decree of final divorce between petitioner's parents. *Thomas v. Thomas,* 215 Ga. 383 (110 SE2d 657).

The court did not err in rendering a summary judgment in favor of the defendant on the issue of liability only. The issue as to custody remains to be tried in furtherance of the trial court's order.

*Judgment affirmed. All the Justices concur.*