### 44977. WADDELL v. CITY OF ATLANTA et al.

Eberhardt, Judge. This is an appeal from a certified order denying Minnie S. Waddell's motion for summary judgment in a controversy between her and Ruth M. Hall over proceeds paid into court in a condemnation proceeding. Benjamin Hall, the former husband of Ruth Hall and previous owner of the property involved, filed a divorce action against Mrs. Hall January 8, 1965, to which she filed a cross petition praying, inter alia, that she be awarded permanent alimony for the support of herself and the minor children,

including his equity in the property, and that he be required to pay off the mortgages. On March 3, 1965, she was awarded the temporary exclusive use of the home. On May 18, 1966, the case came on for final hearing before a jury, and it was then disclosed that Hall had transferred title to the property to Lois Simmons by warranty deed dated April 6, 1966, while Mrs. Hall was residing there with her children under the temporary award. The warranty deed was recorded only fifteen days prior to the trial. The verdict and decree, rendered May 18, 1966, awarded Hall's equity in the home to Mrs. Hall as well as periodic permanent alimony.

Lois Simmons, Hall's grantee, was the sister of Ruth McIntyre, the correspondent named on the trial who subsequently married Mr. Hall. Although the deed recited $10 and other valuable consideration, it does not appear from the record that any revenue stamps were affixed or that value was given. The attorney representing Hall in the divorce case was the same attorney who prepared the deed and witnessed Hall's signature. Mrs. Hall continued to live in the home with her children from the time of the temporary award until she was notified to vacate in the condemnation proceedings. In the interim Lois Simmons had, on April 1, 1968, made a deed of the property to her mother Minnie Waddell, movant below.

The basis of Mrs. Waddell's motion for summary judgment was that there was no lis pendens of record against Benjamin Hall or the property at the time the Hall-Simmons deed was filed of record, and that the divorce decree was entered subsequent to the filing date of the deed. Mrs. Hall resisted the motion on the basis that Lois Simmons had actual knowledge of the pendency of the divorce action and of Mrs. Hall's claim to an interest in the property; that the conveyance was without consideration and was entered into for the purpose of defeating her claim; and that Lois Simmons was not a bona fide purchaser for value. The superior court overruled the motion and certified it for immediate review, and Mrs. Waddell appeals. *Held:*

1. Although this case presents questions respecting title to land, this court has jurisdiction of the appeal. *Boswell v. Underwood,* 217 Ga. 675 (124 SE2d 394); *Grant v. Oakey,* 218 Ga. 723 (130 SE2d 490); *Howard v. Pate,* 218 Ga. 741 (130 SE2d 752); *Richardson v. Anderson,* 219 Ga. 264 (133 SE2d 16); *Alexander v. Rozetta,* 219 Ga. 707 (135 SE2d 409); *State Hwy. Dept. v. Holleman,* 220 Ga. 72 (137 SE2d 39).

2. Actual possession of the realty by the wife and children was sufficient to put all who might purchase from the husband on notice and on inquiry as to what interest, claim or rights they might have therein. *Code* § 85-408, and cases cited in the annotation thereunder. This notice by reason of possession was effective as to the property possessed whether a lis pendens notice was filed under the requirements of *Code Ann.* § 30-112 or not. It would be otherwise, of course, as to property not in actual possession.

If Miss Simmons had made inquiry as to the rights or claims of the wife and children to the home place she would have learned that they occupied it under the terms of an award of temporary alimony, and subsequently under a final decree and award of alimony. *Dyal v. McLean,* 188 Ga. 229 (1, 2) (3 SE2d 571); *Neal v. Jones,* 100 Ga. 765 (28 SE 427). This she apparently failed to do.

Consequently there is a substantial issue as to whether, in the wife's opposing the motion for summary judgment, the husband's grantee is or can be a bona fide purchaser for value, and as to whether the deed was made for the purpose of hindering, delaying and defrauding the wife in the enforcement of the decree and award of the husband's equity in the property to her, which is not resolved, as the grantee contends, by a showing that there was no filing of lis pendens as to the divorce action. See *Lewis v. Lewis,* 210 Ga. 330 (80 SE2d 312). Nor can it be resolved on the motion for summary judgment.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*
SUBMITTED JANUARY 8, 1970—DECIDED JANUARY 16, 1970— REHEARING DENIED FEBRUARY 3, 1970—

*Rich, Bass, Kidd & Broome, Casper Rich, Robert J. NeSmith,* for appellant.

*Dan C. Mitchell,* for appellees.