26665. DAVIS v. LEACH et al.

UNDERCOFLER, Justice. Lewis Allen Leach owned certain real estate in Walton County, Georgia, on which he and his wife lived for many years before their separation. After their separation, Mrs. Leach continued to reside on the property.

In February, 1971, Mr. Leach listed the property for sale with a real estate company. Fred Davis, Jr., desired to purchase the property and on February 22, 1971, signed a contract agreeing to buy it for $9,000. Davis obtained a

loan from a lending institution in the amount of $7,000 as partial payment for the property. On February 24, 1971, Mr. Leach executed and delivered a warranty deed to Davis and received two notes and two security deeds in the amounts of $7,000 and $2,000. The deeds were left with the closing attorney for the purpose of recordation.

On February 26, 1971, two days after the conveyance of the property, Mrs. Leach filed a petition seeking to have the property set aside as permanent alimony and a lis pendens was filed.

On March 26, 1971, the warranty deed and security deeds were filed for record in the office of the Clerk of the Walton Superior Court.

After Mrs. Leach discovered that her husband no longer owned this property, she filed a motion to add Davis as an additional party to her alimony suit on the ground that his warranty deed from Mr. Leach was filed for record subsequent to her suit for alimony and her notice of lis pendens. Davis was made a party defendant by the trial court and the exception is to that judgment. The order was certified for immediate review by this court. *Held:*

1. Mrs. Leach contends that her suit for alimony and notice of lis pendens were superior to the warranty deed given by Mr. Leach to Davis because the notice of lis pendens was filed before the warranty deed was recorded. We do not agree.

*Code Ann.* § 30-112 provides: "After suit for divorce has been filed, no transfer by the husband of the property, except bona fide in payment of preexisting debts, shall pass title so as to avoid the vesting thereof according to the final verdict of the jury in the cause: Provided, however, that the title to real property shall not be affected by the filing of a suit for divorce unless there shall have been filed in the office of the clerk of the superior court where such real property is situated, and recorded by such clerk in a book kept by him for that purpose, a notice of lis pendens as provided for by section 67-2801." Ga. L. 1950, pp. 365, 366.

In *Chandler v. Chandler,* 161 Ga. 350 (130 SE 685), we held that this Code section did not apply to suits for alimony alone but applied to cases where a divorce proceeding was pending. The suit filed by the wife in this case was not for divorce but was for alimony alone. Hence, she can claim no benefit from this statute.

2. The parties stipulated in the trial court that Davis was a good faith purchaser for value, that he paid the fair market value for the property, and that he participated in an "arms-length transaction." They also stipulated that he was not involved in a conspiracy to deprive the wife of any interest she might have had in the property.

The wife, however, contends that if Davis had inquired as to her possession of the property at the time his warranty deed was filed for recordation, he would have learned of her alimony suit and the fact that she had asked the court to award her this property as permanent alimony.

*Code* § 85-408 provides: "Possession of land is notice of whatever right or title the occupant has." If Davis had made inquiry of the wife, he would have learned only that the title to the property was wholly in her husband and that she had no title to it.

*Waddell v. City of Atlanta,* 121 Ga. App. 94, 96 (172 SE2d 862) is distinguishable from this case because it involved possession under an award for temporary alimony made in a divorce suit.

Under these circumstances and for the reason stated in Division 1, this contention of the wife is without merit. Compare *Roach v. Roach,* 212 Ga. 40, 42 (90 SE2d 423).

The trial court erred in making Davis an additional party and should have granted his motion to be dismissed as such.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1971—DECIDED OCTOBER 7, 1971.

142

*Pollock, Sorrells & Hearn, William R. Childers, Jr., George J. Hearn, III,* for appellant.

*C. Thomas Allgood, Jr., Preston & Benton, William L. Preston, Allen & Dingus, Robert W. Allen,* for appellees.