## 75933. TUTTLE v. AMERICA FIRST INSURANCE COMPANY.
### (369 SE2d 342)

BEASLEY, Judge.

Tuttle appeals from the grant of plaintiff America First Insurance Company's motion for summary judgment in an action for declaratory judgment which sought a determination of coverage under a homeowner's policy issued to Wayne Simpson.

Cheryl Simpson committed suicide in an Atlanta hotel by shooting herself while either leaning against or standing next to the railing on the eighth floor. She fell into the atrium, injuring Tuttle. After he sued her estate, America First, which provided liability insurance to her father Wayne Simpson, brought the instant action. It set forth two grounds which the insurer urged negated coverage: 1) that Ms. Simpson was not a resident of Wayne Simpson's household because she was twenty-six years old and lived in Charleston, South Carolina; 2) that her act was intentional and thus excluded by a provision that coverage did not apply to bodily injury "which is expected or intended by the insured."

After discovery, America First moved for summary judgment in reliance on the record made and particularly on the affidavit of Wayne Simpson that "my daughter . . . has not been a resident of my household for over a year and three months prior to her death." It also urged that the proof showed Ms. Simpson intended to fall off the balcony and the injuries resulting to Tuttle were therefore intentional within the meaning of the policy exclusion. The trial court granted summary judgment to America First on the basis that Ms. Simpson lived in Charleston and was not a resident of the Simpson household in Morrow, Georgia. The ruling was predicated on Simpson's affidavit and the fact that Ms. Simpson had a South Carolina driver's license.

The crucial issue is whether Ms. Simpson was covered by the policy provision which stated that " 'insured' means you and residents of your household who are: a. your relatives." Tuttle argues that the father's affirmance of non-residency is not vital because the daughter's intent controls as to her residency.

There being no contrary evidence, the father's testimony is controlling. As an adult, Ms. Simpson could only reside at her parent's home with their permission and consent. After majority there is no parental obligation to maintain, protect or support a child. OCGA § 19-7-2; *Newton v. Newton*, 222 Ga. 175, 176 (2) (149 SE2d 128) (1966); *Crane v. Crane*, 225 Ga. 605, 606 (1) (170 SE2d 392) (1969). Ms. Simpson's intent to live there is irrelevant. That is not to say that she might well have intended to reside in Georgia and a showing to that effect would be decisive as to whether she was a Georgia resident. *Haggard v. Graham*, 142 Ga. App. 498 (236 SE2d 92) (1977). However, the policy language involves solely whether she was a resident of

the Morrow household. Because she could only reside there if allowed to, the testimony of her father that she had not been a resident there for "one year and three months prior to her death" was conclusive. Compare *Grange Mut. Cas. Co. v. Brinkley*, 182 Ga. App. 273 (355 SE2d 767) (1987).

Summary judgment was properly granted to the insurer.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED MAY 5, 1988.

*Kevin J. Rodgers*, for appellant.
*Matthew T. Berry, John V. Burch*, for appellee.